IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CONSTANTINO GEORGIOU,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00418-O-BP |
| § | |
| **BATTERY JUNCTION CORP.,** *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Plaintiff's Opposed Motion for Leave to File to Designate Expert Witnesses Out of Time and Extend All Pre-Trial Deadlines filed August 18, 2023 (ECF No. 79); Defendants' Responses (ECF Nos. 85, 86) filed August 28, 2023; and Plaintiff's Reply (ECF No. 90) filed September 5, 2023. Plaintiff requests leave to designate expert witnesses late and asks the Court to extend all remaining pretrial deadlines. After reviewing the Motion and applicable legal authorities, the Court **GRANTS** Plaintiff's Motion in part and **DENIES** it in part.

The Court considers requests to designate expert witnesses after the applicable deadline by applying four factors. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). These are: "the explanation for the failure to identify the witness;" "the importance of the testimony;" "potential prejudice in allowing the testimony;" and "the availability of a continuance to cure such prejudice." *Id*. Here, the first factor favors denial of Plaintiff's request; the other three factors favor granting the request.

First, although lead counsel for Plaintiff explains that she simply did not properly calendar the expert designation deadline, and that she did not look to her local counsel to do so, her statements standing alone do not present valid grounds for an extension. ECF Nos. 79-1 at 2, ¶ 12;

90-2 at 2, ¶ 6. That she was busy moving to a new firm and had to manage many cases under a new scheduling regime are not good reasons for not designating experts in this case by the deadline. *Id*. As to the second factor, there is no dispute that the Plaintiff needs expert testimony to get his case before the jury. On the third and fourth factors, there is little prejudice to the Defendants if the Court extends the expert designation deadline. If Defendants suffer prejudice due to an extension of the designation deadlines, a continuance of the trial is still available. However, such a continuance seems unnecessary since the Defendants have ample time to designate experts and obtain any needed discovery well before the trial setting next year.

Applying the factors to the pending Motion, the Court grants Plaintiff's request to extend his deadline for designating experts and providing the required material under paragraph 4.a. of the Scheduling Order (ECF No. 53) until September 11, 2023. Defendants shall make their responsive expert designations and provide the material required under paragraph 4.b. by September 25, 2023.

The Motion does not present compelling reasons to extend the remaining deadlines in the Scheduling Order, and the Court denies the Plaintiff's Motion to the extent that it seeks that relief. Except as modified by this Order, the deadlines in the Scheduling Order remain in effect.

It is so **ORDERED** on September 6, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2