IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONSTANTINO GEORGIOU,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00418-O |
| | § | |
| **BATTERY JUNCTION** | § | |
| **CORPORATION** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss for Lack of Jurisdiction and In the Alternative for Failure to State a Claim, Appendix, and Brief filed by Defendant LG Chem, Ltd. ("LG Chem") (ECF Nos. 70, 71, and 72, respectively); Plaintiff's Response (ECF No. 73); and LG's Reply (ECF No. 74). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion.

**I.   Background**

This is a product liability case. Plaintiff Constantino Georgiou ("Georgiou") alleges that he was walking in Southlake, Texas, with a lithium-ion battery manufactured by LG Chem in his pocket. ECF No. 64 at 14. The battery exploded, engulfing his leg and torso in flames. *Id.* He was admitted to the ICU Burn Center at Parkland Memorial Hospital in Dallas and was hospitalized for two weeks. *Id.* Georgiou filed this lawsuit on March 10, 2021 against LG Chem and others. ECF No. 1. LG Chem is a "multi-national chemical-based company founded in Korea." *Id.* at 1.

It moves to dismiss the case for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. ECF No. 70.

## II.     Legal Standard

### A.     Motion to Dismiss for Lack of Personal Jurisdiction

A court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process. *Captain Manjit Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). Texas' "long-arm statute extends to the limits of federal due process." *Id.* Thus, the Court has to conduct a two-step inquiry that "collapses into one federal due process analysis." *Id.* Due process requires that the defendant have minimum contacts with the forum state (*i.e.*, that the defendant "purposely availed himself of the benefits and protections of the forum state") and that exercising jurisdiction would be consistent with "traditional notions of fair play and substantial justice." *Id.* (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

When a defendant has minimum contacts with the forum state, a court may exercise specific or general jurisdiction over the defendant. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction may exist "over a nonresident defendant whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (emphasis original) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). A defendant must purposely avail itself of the benefits and privileges of the forum state for that state to exercise specific jurisdiction over the defendant. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008).

"A court may assert general jurisdiction over [nonresident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Extensive contacts between a nonresident defendant and the forum are required for general jurisdiction to be present. *Johnston*, 523 F.3d at 609. "Vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* at 610.

In evaluating a motion to dismiss for lack of personal jurisdiction, the Plaintiff must establish a *prima facie* case for the Court's jurisdiction over the defendants. *Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 710 (N.D. Tex. 2012) (citing *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)). Usually district courts resolve jurisdictional issues without a hearing. *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 742 (N.D. Tex. 2018) (citing *Ham*, 4 F.3d at 415) (footnote omitted). Where, as here, a hearing is not held, then the plaintiff need only present a *prima facie* case. *Id.* (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnote omitted). This is unlikely to be a high bar, as the court must resolve any factual conflicts in the plaintiff's favor. *See Guidry v. United States Tobacco Co., Inc*. 188 F.3d 619, 625 (5th Cir. 1999). "[P]roof by a preponderance of the evidence is not required." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). But "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam). A court may consider the contents of the record at the time the motion is filed including "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of

3

discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985)).

      **B.**      **Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Academy of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190 (5th Cir. 2021) ("[D]ismissal for failure to state a claim based on the statute of limitations defense should be granted only when the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint."). "Texas law applies in a diversity case to determine whether the Plaintiffs tolled the statute of limitations when they filed suit. In Texas, a plaintiff must not only

4

file suit but also use due diligence in procuring service on the defendant in order to toll the statute of limitations." *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992); *see also Draughon v. Johnson*, 631 S.W.3d 81, 93 (Tex. 2021) ("[D]iligence in procuring service on the defendant after the limitations period expired can provide a basis for avoiding a limitations defense.").

**III.    Analysis**

    **A.    The Court should deny LG Chem's Motion to Dismiss for Lack of Jurisdiction.**

Since the Texas long-arm statute "reaches to the constitutional limits," the key question that the Court "must resolve is whether exercising personal jurisdiction offends due process." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citation omitted). As the parties have agreed that the Court does not have general jurisdiction over LG (ECF Nos. 72 at 28, 73 at 13), the question is whether it has specific jurisdiction. The Court considers:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Def. Distributed v. Grewal*, 971 F.3d 485, 490 (5th Cir. 2020) (citation omitted).

    **1.    LG Chem purposefully availed itself of a Texas market for 18650 batteries via direct shipments.**

LG Chem's direct shipments of model 18650 batteries into Texas, and related commercial activities in the state, demonstrate that LG Chem purposefully availed itself of Texas and established minimum contacts. *See id.* Georgiou showed that LG Chem shipped model 18650 lithium-ion batteries into Texas, which LG Chem does not deny, and this accords with other

5

evidence presented in similar cases. ECF Nos. 73 at 8, 10; 73-4 at 47; 74 at 2-3; *see also LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 345 (Tex. 2023). LG Chem should not be surprised to be sued in Texas about a type of battery that it shipped here. *See World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."). LG Chem has not denied engaging in various commercial activities in Texas involving 18650 lithium-ion batteries. ECF No. 73 at 8. These facts are a far cry from those in *Worldwide Volkswagen*, in which the petitioners "carr[ied] on no activity whatsoever in Oklahoma," "close[d] no sales and perform[ed] no services there," and "avail[ed] themselves of none of the privileges and benefits of Oklahoma law." 444 U.S. at 295.

Consequently, LG Chem purposefully availed itself of Texas and established minimum contacts here. Courts in Texas and in other circuits have reached the same result in similar cases. *See Morgan*, 670 S.W.3d at 343 (Tex. 2023) ("The defendants do not dispute they sold and distributed the same batteries to Texas manufacturers . . . The trial court and the court of appeals correctly concluded the exercise of personal jurisdiction over the defendants is, on this record, consistent with due process."); *Sullivan v. LG Chem, Ltd.,* No. 22-1203, 2023 WL 5286965, at *12 (6th Cir. Aug. 17, 2023) ("Based on LG Chem's direct shipments of the 18650 batteries into Michigan and its supplier contracts, LG Chem purposefully availed itself of the benefits of doing business in Michigan and the protections of Michigan law."); *id.* at *3 ("We find these cases informative because they demonstrate that other courts have exercised personal jurisdiction over LG Chem when LG Chem conducts business related to its 18650 batteries in or ships its 18650 batteries into the forum state."); *Yamashita v. LG Chem*, 62 F.4th 496, 504 (9th Cir. 2023) ("First, Yamashita points to LGC and LGCA's shipments to and through the port of Honolulu. These

contacts do qualify as purposeful availment."); *but c.f.*, *Matter of Am. River Transp. Co., LLC*, No. 18-2186, 2022 WL 17325899, at *1 (E.D. La. Nov. 29, 2022) (denying personal jurisdiction because LG "has never sold any LG 18650 lithium batteries to anyone in Louisiana.").

The Court is not persuaded by LG Chem's suggestion that its contacts with Texas relating to the direct shipments are too limited to support specific jurisdiction. ECF No. 74 at 3. Specific jurisdiction is not general jurisdiction, and even "if the defendant has relatively few contacts, the court may still exercise specific personal jurisdiction over that party if the suit arises out of or is related to the defendant's contacts with the forum." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006).

Likewise, LG Chem's attempt to refocus the specific jurisdiction inquiry on markets rather than states misses the mark. In an attempt to distinguish this case from *Ford*, it argues that it "never served a consumer market in Texas for standalone batteries." *See, e.g.*, ECF No. 72 at 9. LG Chem asserts that "[u]nlike *Ford*, where the U.S. Supreme Court found jurisdiction was proper because Ford regularly served a consumer market for the very same type of vehicles at issue in the forum states, here, LG Chem did not serve a consumer market in Texas for standalone 18650 lithium-ion batteries." *Id*. at 13; *see also generally Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021). But whether LG Chem's target was the consumer market or non-consumer market is irrelevant for the "purposeful availment" prong of the specific jurisdiction inquiry. What matters for this prong is whether LG Chem targeted Texas. As the Texas Supreme Court explained:

> [T]he minimum-contacts analysis requires evaluation of a defendant's contacts with the forum—Texas—as a whole. Where, as here, a defendant purposefully avails itself of the privilege of doing business in Texas by selling and distributing into Texas the very product that injures a plaintiff, personal jurisdiction is not lacking

7

>   merely because the plaintiff is outside a segment of the market the
>   defendant targeted.

*Morgan,* 670 S.W.3d at 343; *Young v. LG Chem Ltd.*, No. 21-CV-00227-DC-RCG, 2022 WL 19574485 at *4 (W.D. Tex. Dec. 6, 2022) (rejecting fine-grained market distinctions and stating that "[d]efendant does not deny it markets, sells, or ships its products directly into Texas[]"), *rec. adopted*, 2023 WL 3077881 (W.D. Tex. Jan 26, 2023); *but see Am. River*, 2022 WL 17325899, at *8 ("[T]he court reiterates that record evidence establishes that LG Chem never advertised, distributed, or sold LG 18650 lithium batteries for use by individual consumers as standalone, replaceable batteries for any purpose—anywhere—and never authorized anyone else to do so either.").

>   **2.  A stream of commerce theory does not provide an additional basis for personal jurisdiction over LG Chem because Georgiou did not meet the *Zoch* evidentiary standard.**

LG Chem also argues that there is no specific jurisdiction under a "stream of commerce" theory. ECF Nos. 74 at 5-6, 72 at 21-23. "In the context of products-liability cases . . . an analysis involving a stream-of-commerce metaphor is often employed to assess whether the non-resident defendant has minimum contacts with the forum." *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 289 (5th Cir. 2020). "[C]ourts use the metaphor to allow for jurisdiction where the product has traveled through an extensive chain of distribution before reaching the ultimate consumer." *Id.* For jurisdiction to exist under a stream of commerce theory, the Court must find "that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)). Specifically, "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum

state while still in the stream of commerce." 716 F.3d at 177. However, the court in *Ainsworth* also added a caveat: "[t]he defendant's contacts must be more than random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.*

Georgiou argues two points to show how LG's 18650 batteries come to Texas via the stream of commerce. First, he alleges that LG Chem sells "inferior or nonconforming lithium-ion battery products to other distributors, with LG knowing full well they may be using those batteries for individual electronic or other uses-uses that may not be explicitly authorized but are certainly permitted by LG in the interest of maintaining its profitability." ECF No. 73 at 8. Second, Georgiou asserts that LG Chem ships "substandard batteries" to Shenzhen, China, where the batteries are "sold to consumers throughout the world, and readily and rapidly reach Texas borders, all at the reasonable expectation or explicit knowledge of LG." *Id.* Georgiou does not address the question of whether LG Chem's indirect contacts with Texas qualify as "the unilateral activity of another party." *See* 716 F.3d at 177. Instead, Georgiou focuses on the Fifth Circuit's statement that mere foreseeability suffices for personal jurisdiction.

LG Chem counters Georgiou's stream of commerce argument by emphasizing the "unilateral" nature of its contacts with the Texas consumer market. According to LG Chem, "[t]he unilateral actions of Battery Junction, IMR, and unidentified third parties responsible for diverting alleged LG 18650 lithium-ion cells to a Texas consumer vaping market for standalone 18650 batteries cannot support the exercise of jurisdiction over LG Chem." ECF No. 72 at 23. The first aspect of LG Chem's argument here simply recapitulates the incorrect idea addressed above that LG Chem can avoid the jurisdiction of Texas courts because it targeted a different market within Texas from the market that Mr. Georgiou's battery may have been in. The second

aspect of the argument—whether the contacts were unilateral—is moot because Georgiou did not provide adequate evidence of foreseeability to satisfy the stream of commerce theory.

On the matter of foreseeability, the Fifth Circuit explained in *Zoch* that there must be "some proof" that the defendant Chem placed its product "into the stream of commerce with the expectation that it would be purchased by or used by consumers *in the forum state*." 810 F. App'x. at 292 (emphasis in original). Georgiou makes conclusory allegations "upon information and belief" relating to LG Chem's interactions with third party distributors involving defective batteries and LG Chem's level of knowledge that these defective batteries would go to Texas. *See, e.g.*, ECF No. 64 at 10-11. Such conclusory allegations are insufficient to meet the *Zoch* evidentiary standard for showing forseeability. *See Panda*, 253 F.3d at 865 ("[T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."). *But see Thiam v. T-Mobile USA, Inc.*, No. 4:19-CV-00633, 2021 WL 1550814 at *4-5 (E.D. Tex. April 20, 2021) (asserting in a similar exploding battery case that *Zoch* is not binding, yet explaining why the evidence provided exceeds the evidence in *Zoch*).

### 3. Georgiou's claim relates to LG Chem's contacts with Texas.

For there to be specific jurisdiction over a defendant, the plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum in addition to the defendant taking "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co.,* 141 S. Ct. at 1025. In *Ford*, the Supreme Court interpreted "arise out of or relate to," explaining that "[t]he first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id.* at 1026. So, for the Court to have specific jurisdiction over LG Chem,

10

Georgiou need not show that LG Chem's contacts with Texas "caused" his injuries injury so long as its contacts with Texas "relate to" those injuries.

LG Chem's contacts satisfy the *Ford* "relatedness" element because LG Chem targeted the Texas market, though it may not have been the exact market that generated Georgiou's claims. As the Supreme Court wrote, "specific jurisdiction attaches in cases identical to the ones here— when a company like Ford serves a market for a product in the forum State and the product malfunctions there." *Id.* at 1027. LG Chem served "a market" for its 18650 lithium-ion batteries when it shipped them into Texas, and the product malfunctioned in Texas when it exploded in Georgiou's pocket. ECF No. 73 at 8, 10; ECF No. 73-4 at 47; ECF No. 48 at 1. It is enough that LG Chem served "a" market in Texas for its 18650 lithium-ion batteries and that such a battery exploded in Texas, injuring Mr. Georgiou. *See Young*, 2022 WL 19574485 at *5 ("Here, a Texas resident filed a lawsuit in Texas, alleging Defendant shipped defective batteries into Texas and that one of those batteries exploded and injured him in Texas. This connection is sufficient to confer personal jurisdiction under Fifth Circuit and Supreme Court jurisprudence."); *Young*, 2023 WL 3077881 at *3 ("LG Chem sent a battery into Texas and it allegedly malfunctioned."). Therefore, the facts here meet the *Ford* "relatedness" requirement, and specific jurisdiction applies.

Other courts have reached similar results. The Texas Supreme Court wrote in *Morgan*:

> The LG Chem defendants urge us to distinguish between the market of sophisticated manufacturers they targeted and the market of individual consumers like Morgan, which they did not target. But there is no requirement for jurisdictional purposes that the market segment the LG Chem defendants served be precisely the same one from which Morgan purchased the battery. The LG Chem defendants undisputedly sold and distributed model 18650 batteries in Texas, and they do not dispute that is the same model battery Morgan alleges injured him in Texas. That is sufficient to satisfy the

> relatedness prong and establish specific personal jurisdiction in Texas.

670 S.W. 3d 341 at 349; *see also Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 17 (Tex. 2021) ("It is sufficient that SprayFoam intended to serve a Texas market for the insulation that the Lucianos allege injured them in this lawsuit."); *Young*, 2023 WL 3077881 at *3 (calling "nonsensical" the idea that personal jurisdiction would be present if a battery exploded inside one particular device but absent if the same battery exploded in another); *Straight v. LG. Chem.* 640 F. Supp. 3d 795, 805 (S.D. Ohio 2022) ("Here, the Court finds that plaintiff has not shown that LG Chem's contacts with Ohio relate to the product which harmed him. Unlike in *Ford*, plaintiff has not demonstrated that LG Chem advertised, sold, serviced or otherwise encouraged a market for 18650 cells in Ohio."). Similarly, the Sixth Circuit wrote:

> LG Chem, in essence, asks us to hold that the only way a court could have personal jurisdiction over LG Chem when a *consumer* plaintiff suffers an injury from one of LG Chem's 18650 batteries is if LG Chem served *the consumer market* for 18650 batteries in the forum state, even if it distributes that same injuring product within the forum state for a different market. It offers no authority in support of that bold assertion. And none exists.

*Sullivan*, 2023 WL 5286965, at *12.

Several cases that could appear to point in the opposite direction on the issue of markets and relatedness are distinguishable or incorrect. First, although the court in *Ethridge* found that the "arise out of or relate to" element was not satisfied in a similar exploding battery case, its analysis of "arise out of or relate to" relied on a causation-only standard expressed in *Richter* that the Supreme Court rejected in *Ford* and that the Fifth Circuit also rejected in *Tutus*. *Ethridge v. Samsung SDI Co., Ltd.*, 617 F.Supp.3d 638, 653 (S.D. Tex. 2022); *see also Richter v. LG Chem, Ltd.*, No. 18-CV-50360, 2020 WL 5878017 (N.D. Ill. Oct. 2, 2020); *Tutus, L.L.C. v. JLG Industries*, Inc., No. 21-20383, 2022 WL 1517044, at *1 n. 1 (5th Cir. 2022) ("[T]he district court

12

here did not apply a strict causation standard. Nor do we."). Second, while the Fifth Circuit used the phrase, "mere market exploitation will not suffice" when interpreting *Ford*, the court simply rejected the view that "*any* commercial activities in a state" involving an entirely unrelated product (such as "selling merch and showing ads" in a newspaper's defamation suit) will be sufficient for personal jurisdiction. *Johnson v. TheHuffingtonPost.com, Inc.* 21 F.4th 314, 324-25 (5th Cir. 2021); *see also Alexander v. Anheuser-Busch, L.L.C*, No. 19-30993, 2021 WL 3439131, at *3 (5th Cir. Aug. 5, 2021) (interpreting *Ford's* relatedness requirement and remarking that "[S]elling beer and poisoning beer are unrelated activities. Indeed, even a hint of engaging in the latter activity would presumably preclude any notable success in the former.").

### 4. Exercising personal jurisdiction is fair and reasonable.

To defeat personal jurisdiction here, LG Chem also must show that the Court's asserting jurisdiction would "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). However, "[i]t is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citation omitted). The fairness inquiry requires courts to balance:

> (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies.

*Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 298 (5th Cir. 2020) (citation omitted).

Considering each of these factors, the Court finds that the exercise of specific jurisdiction over LG Chem is fair and reasonable. First, the burden on LG Chem, a South Korean company, could be reduced to some extent by addressing pretrial matters remotely. For instance, the Court has authorized remote mediation in this case. ECF No. 84. Second, Texas has an interest in this case since "the injury occurred in Texas, to a Texas resident, allegedly due to the malfunction of

a product shipped to Texas." ECF No. 48 at 13. Texas also has "an interest in protecting its citizens from defective products being shipped into the state." ECF No. 48 at 13-14. Third, due to the extent of his injuries and related costs, Georgiou has an interest in securing relief for his claims. ECF No. 1 at 12, 19-20. The fourth and fifth factors do not weigh strongly for or against the Court's exercise of personal jurisdiction. Therefore, since the burden on LG Chem of litigating in this Court is not excessive, Texas has an interest in this case, and Georgiou has an interest in obtaining relief here, the Court's exercise of specific personal jurisdiction over LG Chem is fair and reasonable.

        **B.**     **The Court should deny LG Chem's motion to dismiss for failure to state a claim.**

In addition to moving to dismiss for lack of personal jurisdiction, LG Chem seeks dismissal "pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because [Georgiou's] claims against LG Chem for alleged product liability and negligence are time-barred." ECF No. 70 at 1. LG Chem argues that Georgiou did not serve it with process under the Hague Service Convention until more than two years after filing suit. ECF No. 70 at 2. LG Chem asserts that Georgiou "did not exercise reasonable diligence, that the delay in effecting service until more than two years after the statute of limitations expired cannot be excused, and therefore [Georgiou's] claims are time-barred." ECF No. 70 at 2-3; ECF No. 71 at 18.

Although LG Chem presents facts that would, if accurate, raise important questions about plaintiff's delays and inactivity while attempting to serve process (*see* ECF No. 72 at 20-21), it is not truly evident from the plaintiff's pleadings that the action is barred. *See Jones*, 339 F.3d at 366 (dismissal due to limitations proper when the plaintiff's pleadings reveal the bar and do not provide a basis for tolling or avoidance of the bar). Georgiou alleges that "LG's timeline regarding the frequency with which [Georgiou's] counsel followed-up with the company it uses

14

to serve foreign defendants through the Hague Convention should be disregarded because it is inaccurate." ECF No. 73 at 24. The declaration of Angela J. Nehmens proves that paralegals at her former firm emailed the service company used in this case and were more diligent in obtaining service than LG Chem argues. ECF No. 73-1 at 2; *see also Mayden v. Home Depot U.S.A*, No. 3:20-cv-132-BN, 2020 WL 5759964 at *5 (N.D. Tex. Sept. 28, 2020) (criticizing an explanation that "fails to state that attempts or miscalculated attempts were made to effect service during the period of delay.").

While it would have been preferable for Georgiou to offer the actual emails from the paralegal personnel to the service company to document his efforts to obtain service on LG Chem, Nehmens's declaration establishes "some basis" for tolling or avoidance of the limitations bar, especially since the Court must view facts in the light most favorable to the plaintiff at the motion to dismiss stage. *Jones*, 339 F.3d at 366 (explaining the "some basis" standard); *Yumilicious*, 819 F.3d at 174 (providing that facts must be viewed "in the light most favorable to the plaintiff" on a motion to dismiss); *Saenz*, 951 F.2d 665 at 667 (explaining that due diligence in service is a basis for tolling). Therefore, the Court should deny LG Chem's motion to dismiss for failure to state a claim based on limitations.

## IV.  Conclusion

Because Georgiou has shown that LG Chem purposely directed its activities toward Texas, Georgiou's claims arise from those contacts, and the Court's exercise of personal jurisdiction over LG Chem is fair and reasonable, the Court has personal jurisdiction over LG Chem. Likewise, Georgiou has pleaded and provided "some evidence" of diligence in serving LG Chem with process, and the Court should not dismiss his claims due to limitations. The undersigned

therefore recommends that Judge O'Connor **DENY** Defendant's Motion to Dismiss for Lack of Jurisdiction and In the Alternative for Failure to State a Claim (ECF No. 70).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 25, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE