UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONSTANTINO GEORGIOU,<br><br>*Plaintiff*,<br><br>v.<br><br>BATTERY JUNCTION; LG CHEM, LTD., and DOES 1-50,<br><br>*Defendants*. | Civil Action No. 4:21-cv-00418-O<br><br>**PLAINTIFF'S FED. R. CIV. P. 30(b)(6) AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DEFENDANT SHORE POWER, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that commencing October 17, 2023 at 9:00 am CST and pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff will take the deposition of Defendant Shore Power, Inc. ("Shore Power") about matters set forth in **Exhibit A**. The deposition will take place at the law offices of Brown Pruitt Wambsganss Dean Forman & Moore, P.C., 201 Main Street, Suite 700, Fort Worth, Texas 76102. The deposition will be recorded by a certified shorthand reporter.

PLEASE TAKE FURTHER NOTICE that Pursuant to Fed. R. Civ. P. 30(b)(2) and 34(a), demand is hereby made that Defendant Shore Power produce at the aforementioned deposition for inspection and copying the documents and things in Defendant Shore Power's possession, custody,

1

or control and/or in the custody of Defendant Shore Power's attorneys, employees, agents, and investigators described herein in **Exhibit B** in advance of the scheduled deposition.

Dated: October 6, 2023                              Respectfully submitted

                                                    /s/ Sara Craig

                                                    A. Craig Eiland
                                                    TX Bar No. 06502380
                                                    The Law Offices of Craig Eiland
                                                    1220 Colorado Street, Suite 300
                                                    Austin, TX 78701
                                                    Telephone: (409) 763-3260
                                                    Facsimile: (713) 513-5211

                                                    Sara Craig
                                                    *Admitted Pro Hac Vice*
                                                    Peiffer Wolf Carr Kane Conway
                                                    & Wise LLP
                                                    555 Montgomery Street, Suite 820
                                                    San Francisco, CA 94111
                                                    Telephone: (415) 766-3544
                                                    Facsimile: (415) 840-9435

                                                    *Attorneys for Plaintiff*

## DEFINITIONS

1. As used herein, "**YOU,**" "**YOUR,**" "**SHORE POWER**" and "**DEFENDANT**" shall refer to Shore Power, Inc. d/b/a Battery Junction as well as any and all of its partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors and/or other representatives, including all corporations and entities affiliated with Defendant, both domestic and foreign. The term "YOU" and "YOUR" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, attorneys, joint venturers, third-party contractors and/or other representatives. The term "YOU" and "YOUR" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or foreign parent companies' partners, directors, officers, employees, servants, agents, attorneys, joint venturers and/or other representatives.

2. As used herein, "**CLAIM(S)**" shall mean and refer to any claim, lawsuit, dispute, notice and/or report, whether or not a claim or lawsuit was filed, known to, made to, and/or about this DEFENDANT.

3. As used herein, "**COMMUNICATION**" shall mean and refer to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between you or between you and any other person or entity.

4. As used herein, "**DOCUMENT**" and "**DOCUMENTS**" shall have the broadest possible meaning and interpretation ascribed to that term. The singular form of a word shall be deemed to include the plural form, and the plural form of a word shall be deemed to include the singular form.

5. Consistent with the above definition, the term **"DOCUMENT" and "DOCUMENTS"** shall include, without limitation, electronic data, electronic databases, electronic media and any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer- stored, or otherwise maintained or reproduced communication or

representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, emails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes or meetings, correspondence, and communications (as defined below) of any type (including but not limited to video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, webcasts, PowerPoints, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, offices, counsel, agents, employees, partners, consultants, principals, and /or persons acting on your behalf.

   6. As used herein, **"RELATING TO," "RELATE TO," "INVOLVE", "INVOLVING", "RELATING," "REFERRING TO," "REFER TO," "CONCERNING" or "CONCERN**" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, indicating, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these requests, including documents attached to or used in the preparation of or concerning the preparation of the documents.

7. As used herein, **"IDENTIFY" or "IDENTITY"** with respect to natural persons or entities, means to give, to the extent known, the person's full name and present or last known address and telephone numbers, and when referring to a natural person, additionally, the present or last known place of employment and job title. When identifying a person other than an individual, state whether such person is a corporation, partnership, or other organization and the name, present and last known address, and principal place of business. Whenever you are asked to identify a document or writing, give the subject matter, length, date, author, addressee, and custodian of the original document. If any requested document was, but no longer is, in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. Whenever you are asked to identify knowledge or information, all knowledge and information in your possession is requested and such request includes the knowledge of your agents, employees, representatives, and, unless privileged, your attorneys. When identifying a statement or communication, describe the contents of the statement or communication in as precise and exact words as possible, state the date on which the statement or communication was made, and identify the person, persons, entity or entities who made the statement or communication and to whom the statement or communication was made.

8. As used herein, **"IDENTIFY"** with respect to a claim, lawsuit, dispute, notice and/or report (whether or not a lawsuit was filed), means to give, to the extent known: (1) a description of the incident, including the date and location of the incident, the product(s) involved in the incident, the date YOU first became aware of the incident, and the manner in which YOU first became aware of the incident; (2) the IDENTITY of each person or plaintiff(s) who was injured, killed and/or involved in the incident and the attorney for the plaintiff(s) or claimants; (3) the state and county in which the claim or lawsuit was filed, the case name and case number for the claim or lawsuit, and the date the claim or lawsuit was filed; (4) the outcome of each lawsuit or claim, including the amount of any settlement or judgment, or other document which constituted YOUR knowledge of the incident; and, (5) the identity of the PERSON with the most knowledge about DEFENDANT'S response to the subject request.

5

9. As used herein, **"IDENTIFY"** with respect to a warranty or guarantee, whether written or oral, means to state the exact words of each warranty or guarantee, and when, where, and by what means the warranty or guarantee was given.

10. As used herein, **"IDENTIFY"** with respect to a disclaimer of a warranty or guarantee, whether written or oral, means to state the exact words of each disclaimer, whether YOU contend that Plaintiff was or should have been aware of the disclaimer, and when, where, and by what means the disclaimer was made.

11. As used herein, **"IDENTIFY"** with respect to a warning and/or instruction, whether written or oral, means to describe the warning and/or instruction given, and to provide an explanation on how YOU communicate those warnings and instructions to customers; the name and address of the PERSONS giving such instructions or warnings; when they are given; and, the PERSON or PERSONS to whom they are given.

12. As used herein, **"IDENTIFY"** with respect to **QUALITY CONTROL** measures means to identify and describe the quality control measure in detail, including, but not limited to, what each quality control measure was or is; when each quality control measure was implemented; who was responsible for implementing each measure; the schedules of each quality control measure, including the actual dates of implementation; and the results and findings of each quality control measure, in relation to the SUBJECT BATTERY.

13. As used herein, **"IDENTIFY"** with respect to a recall(s) means to state the reason for the recall, the date DEFENDANT was first aware of the issue, and the date of the recall.

14. As used herein, **"IDENTIFY"** with respect to product literature or brochures shall mean to identify the literature or brochure and contents therein, the person who provided the literature or brochure to the Plaintiff, and to state the date the literature or brochure was given to the Plaintiff.

15. As used herein, **"POSSESSION," "CUSTODY," or "CONTROL"** shall mean and refer to any information or documents in your possession, custody or control. Information or a document is deemed to be in your "POSSESSION," "CUSTODY," or "CONTROL" if it is in the knowledge or physical custody of you or of another person or entity and you: (a) own such

23

information or document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document or information on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document or information on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document or information when you have sought to do so. This shall include, without limitation, information and documents that are in the custody of your attorney(s), employees, staff, representatives and agents unless privileged.

16. As used herein, "**DESCRIBE**" with respect to testing, examination(s), inspection(s) and/or studies, means to provide the date of each examination, inspection, study and/or testing; whether the subject products were ever assembled by DEFENDANT before being sold; the name of the PERSON or PERSONS who conducted such examinations, inspections, studies and/or testing including their current employer and address(es); and, IDENTIFY all documents which reflect or relate to such examinations, inspections, studies and/or TESTING.

17. As used herein, **"PERSON"** means natural person, as well as corporate and/or governmental entity.

18. As used herein, "**MARKETING MATERIALS**" shall include, but not be limited to, marketing plans, advertising brochures, marketing documents, marketing memos, emails on marketing, videotapes, commercial spots, promotional literature, catalogs, and media advertisements, including all internet advertising.

19. As used herein, "**ORGANIZATIONAL CHARTS**" shall refer to and include general corporate organizational charts; sales department organizational charts; marketing department organizational charts; and organizational charts reflecting YOUR relationship to any third parties or consultants.

20. As used herein, "**WEBSITE**" shall refer to Defendant's website, batteryjunction.com.

21. In responding to this Request, you are required to produce all documents known or reasonably available to you, regardless of whether such documents are in your possession, custody or control or in the possession, custody or control of your agents, consignees, representatives or

investigators, including your attorneys or their agents, employees, representatives or investigators.

22. If any of the documents or information requested cannot be produced in full, you are required to specify, to the extent possible, the reasons for your inability to produce the remainder, and the approximate date when you expect to produce such documents, it at all.

23. If any request is deemed to call for the production of privileged or otherwise protected information or materials, Plaintiff demands that, the extent you contend that any requested document is privileged and therefore not subject to production, you identify the document in your possession on a privilege log describing the document sufficiently to allow Plaintiff to move the court to compel its disclosure. The description should include, but not be limited to, the following information:

    a. The name of the person who prepared the document;

    b. The name of each person to whom the document was addressed and/or distributed;

    c. The date of the document;

    d. The description of the general nature of the document;

    e. The specific privilege(s) which you contend applies to the document;

    f. The ground upon which you rely to establish the privilege as to the document;

    g. The reason for withholding the information including a statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure; and

    h. The date, time, location and parties for any document or communication alleged to be subject to the attorney-client privilege, work product privilege or other privilege grounds.

24. This Request imposes a continuing obligation upon you. If after producing documents or information responsive to this Request additional information or documents become available to you, you are required to produce such additional documents or information.

25. With respect to each document requested that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, you shall provide the following information separately as to each such document:

   a. A general description of the subject matter, author, recipient(s), date;

   b. The identity of each person who has received a copy or had an opportunity to receive a copy thereof;

   c. The last custodian of the document or copies thereof; and

   d. The full particulars or circumstances whereby the document was disposed of, destroyed or otherwise lost.

26. All documents produced in response to these Requests herein shall be either:

   a. Organized and labeled to correspond with the number of the specific Request to which the documents are responsive;

   b. Produced in the order and in the manner that they are kept in the usual course of business; or,

   c. In the manner as agreed by the parties.

27. All documents requested shall include all documents and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared or generated or received prior to relevant time period.

28. All documents that exist in electronic form are to be produced in electronic form and in their native electronic format, not in an electronic form that is merely a picture of a document such as a TIFF file, a TIF file, or a PDF file, with the Bates number applied in a manner that does not alter the document's metadata or its optical character recognition ("OCR") in any way. Plaintiff reserves the right to negotiate with Defendants a manner of production of the documents.

## EXHIBIT A – TOPICS FOR PERSON MOST QUALIFIED:

A. Warnings on YOUR WEBSITE that reference, refer to, or mention carrying batteries in one's pocket from 2014 through 2023;

B. Product reviews on YOUR WEBSITE from 2014 through 2023 from customers or consumers regarding the use of batteries with e-cigarettes, vaping devise, or mods;

C. Warnings on YOUR WEBSITE regarding lithium-ion 18650 batteries and the dangers they pose;

D. The experts YOUR WEBSITE mentions via the "Talk to our experts" ribbon at the top of YOUR WEBSITE;

E. Information YOUR experts, as mentioned in the "Talk to our experts" ribbon at the top of YOUR WEBSITE, have, how they obtained that information, call scripts, talking points, and what information they provide to customers inquiring about lithium-ion 18650 batteries;

F. YOUR knowledge that YOUR customers were using batteries purchased on your website for use with e-cigarettes;

G. All of YOUR customers who purchased batteries from you for the purposes of incorporating them into battery packs;

H. How YOU obtained LG Chem, Ltd. product spec sheets for batteries YOU provide links to on YOUR WEBSITE;

I. The duration of time YOU provided links to LG Chem, Ltd. product spec sheets for batteries;

J. The different iterations of warnings contained on YOUR WEBSITE relating to batteries from 2014 to present;

K. The person or entity(ies) that developed YOUR WEBSITE;

L. Information YOU provided the person or entity(ies) that developed YOUR WEBSITE;

M. How the warnings on YOUR WEBSITE were developed, including persons providing input;

N. The date YOU began providing links on YOUR WEBSITE to LG Chem, Ltd.'s website (LGChem.com) that contains warnings relating to batteries;

O. The person or entity(ies) who helped develop warnings YOU claim were included on the boxes that contained batteries YOU shipped to customers;

P. The date YOU began including warnings on the boxes that contained batteries YOU shipped to customers;

Q. Why YOU sold batteries to customers;

R. The steps YOU took to ensure YOUR customers were not using batteries YOU sold to them for use with e-cigarettes;

S. The purpose, meaning, and drafting of the warning on YOUR WEBSITE that states, "…lithium-ion rechargeable battery cells are not recommended by BatteryJunction.com or our parent and associated companies, or the respective manufacturers, as a stand-alone product."

T. The basis for the warning on YOUR WEBSITE that states "…lithium-ion rechargeable battery cells are not recommended by BatteryJunction.com or our parent and associated companies, or the respective manufacturers, as a stand-alone product."

U. YOUR communications with Defendant LG Chem, Ltd. regarding YOUR sale of LG Chem, Ltd.'s batteries;

V. YOUR processes and procedures for examining batteries and ensuring they are safe before YOU sell and sold them to customers, from 2014 to 2023;

W. YOUR knowledge regarding the recall of LG Chem, Ltd. HG2 batteries;

X. Why YOU continue to sell LG lithium-ion 18650 batteries after receiving cease and desist letters from LG Chem, Ltd. informing you that said sales are not authorized;

Y. YOUR response to LG Chem, Ltd. regarding its cease and desist letter sent to YOU;

Z. YOUR correspondence with LG Chem, Ltd. regarding YOUR request that LG Chem, Ltd. indemnify YOU in relation to this case;

AA. Any action LG Chem, Ltd. has taken against YOU for selling its batteries;

BB. Communications between YOU and customers regarding injuries caused by batteries YOU sold to them;

CC. Complaints YOU received from customers regarding batteries YOU sold to them;

DD. Why YOU ceased selling certain models of LG Chem, Ltd. batteries;

EE. Entities from whom YOU purchased batteries to sell on YOUR WEBSITE;

FF. YOUR knowledge of battery explosions and fires involving 18650 lithium-ion batteries at any time;

GG. When YOU began selling batteries on YOUR WEBSITE;

HH. Communications between YOU and any regulatory agency regarding YOUR sale of batteries;

II. All lawsuits filed against YOU arising from injuries caused by lithium-ion 18650 batteries sold by YOU;

JJ. The steps employed by YOU to physically examine "test samples" of batteries you purchased for resale on YOUR WEBSITE;

KK.     The discharge tests YOU performed on batteries purchased by YOU for resale on YOUR WEBSITE;

LL.     YOUR process for removing jackets from batteries to inspect the battery vent and insulator;

MM.     YOUR testing process to determine the authenticity of batteries purchased by YOU for resale on YOUR website;

NN.     Communications between YOU and the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

OO.     The identity of the person(s) or entity(ies) that developed the language on the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

PP.     The first date YOU placed an order with the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

QQ.     The amount of boxes placed during your first order with the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

RR.     All dates YOU reordered boxes from the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

SS.     The amount of boxes ordered when placing any reorders from the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

TT. The reason(s) YOU ordered boxes from the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

UU. The configuration of the boxes YOU used to ship batteries to customers when one battery was shipped;

VV. The configuration of the boxes YOU used to ship batteries to customers when two batteries were shipped;

WW. The configuration of the boxes YOU used to ship batteries to customers when three batteries were shipped; and

XX. The configuration of the boxes YOU used to ship batteries to customers when four batteries were shipped.

**EXHIBIT B - DOCUMENTS TO BE PRODUCED:**

1. Copies of all warnings on YOUR WEBSITE that reference, refer to, or mention carrying batteries in one's pocket from 2014 through 2023;

2. Copies of all product reviews on YOUR WEBSITE from 2014 through 2023 from customers or consumers regarding the use of batteries with e-cigarettes, vaping devise, or mods;

3. Copies of all warnings on YOUR WEBSITE regarding lithium-ion 18650 batteries and the dangers they pose;

4. Communications between you and the experts YOUR WEBSITE mentions via the "Talk to our experts" ribbon at the top of YOUR WEBSITE;

5. Copies of all information and documents YOU provided to YOUR experts, as mentioned in the "Talk to our experts" ribbon at the top of YOUR WEBSITE;

6. Documents identifying YOUR customers who purchased batteries from you for the purposes of incorporating them into battery packs;

7. The different iterations of warnings contained on YOUR WEBSITE relating to batteries from 2014 to present;

8. Communications between you and the person or entity(ies) that developed YOUR WEBSITE;

9. Documents YOU provided the person or entity(ies) that developed YOUR WEBSITE;

10. Documents evidencing how the warnings on YOUR WEBSITE were developed, including persons providing input;

11. Documents evidencing the person or entity(ies) who helped develop warnings YOU claim were included on the boxes that contained batteries YOU shipped to customers;

12. Documents that identify, list, or discuss the purposes for which YOU sold batteries to customers;

13. Documents that evidence the steps YOU took to ensure YOUR customers were not using batteries YOU sold to them for use with e-cigarettes;

14. Documents that form the basis for the warning on YOUR WEBSITE that states "...lithium-ion rechargeable battery cells are not recommended by BatteryJunction.com or our parent and associated companies, or the respective manufacturers, as a stand-alone product."

15. YOUR communications with Defendant LG Chem, Ltd. regarding YOUR sale of LG Chem, Ltd.'s batteries;

16. Documents that outline YOUR processes and procedures for examining batteries and ensuring they are safe before YOU sell and sold them to customers, from 2014 to 2023;

17. Communications between you and LG Chem, Ltd.;

18. Communications between YOU and customers regarding injuries caused by batteries YOU sold to them;

19. Complaints YOU received from customers regarding batteries YOU sold to them;

20. Documents discussing why YOU ceased selling certain models of LG Chem, Ltd. batteries;

21. Documents that identify the entities from whom YOU purchased batteries to sell on YOUR WEBSITE;

22. Documents evidencing YOUR knowledge of battery explosions and fires involving 18650 lithium-ion batteries at any time;

23. Communications between YOU and any regulatory agency regarding YOUR sale of batteries;

24. Documents that evidence or identify the steps employed by YOU to physically examine "test samples" of batteries you purchased for resale on YOUR WEBSITE;

25. Documents that evidence or identify the steps YOU took to perform discharge tests on batteries purchased by YOU for resale on YOUR WEBSITE;

26. Documents that evidence or identify YOUR process for removing jackets from batteries to inspect the battery vent and insulator;

27. Documents that evidence or identify YOUR testing process to determine the authenticity of batteries purchased by YOU for resale on YOUR website;

28. Communications between YOU and the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

29. Documents that provide the identity of the person(s) or entity(ies) that developed the language on the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

30. Documents that evidence the first date YOU placed an order with the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

31. Documents that evidence the amount of boxes placed during your first order with the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

32. Documents that evidence or identify all dates YOU reordered boxes from the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

33. Documents that evidence or identify the amount of boxes ordered when placing any reorders from the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

34. Documents that evidence or identify the reason(s) YOU ordered boxes from the manufacturer of the boxes depicted in the documents YOU produced in response to Plaintiff's discovery requests, Bates Nos.: Shore Power 00049-00050 and Shore Power 00502;

35. Documents that evidence the configuration of the boxes YOU used to ship batteries to customers when one battery was shipped;

36. Documents that evidence the configuration of the boxes YOU used to ship batteries to customers when two batteries were shipped;

37. Documents that evidence the configuration of the boxes YOU used to ship batteries to customers when three batteries were shipped; and

38. Documents that evidence the configuration of the boxes YOU used to ship batteries to customers when four batteries were shipped.

Dated:  October 6, 2023                **EILAND & BONNIN, PC**

                                                            **PEIFFER WOLF CARR KANE CONWAY & WISE LLP**

                                                            <u>/s/ Angela J. Nehmens</u>
                                                            A. Craig Eiland
                                                            Angela J. Nehmens

                                                            *Attorneys for Plaintiff*

**Certificate of Service**

    The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on all other counsel of record in this cause via e-service on this the 6th day of October, 2023.

                                                                 */s/ Sara Craig*
                                                                  Sara Craig