**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| CONSTANTINO GEORGIOU, | Civil Action No: 4:21-cv-00418-O |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| SHORE POWER, INC. D/B/A BATTERY JUNCTION; LG CHEM, LTD., SHENZHEN IMR TECHNOLOGY CO., LTD. D/B/A IMREN, AND DOES 1-50 | |
| Defendants. | |

## DEFENDANT LG CHEM, LTD.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SEPTEMBER 25, 2023 FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 3

      A.    Plaintiff's jurisdictional allegations ......................................................................... 3

      B.    Facts establishing lack of specific personal jurisdiction over LG Chem ............... 3

      C.    Plaintiff's delay in serving LG Chem with process ................................................ 5

STANDARD OF REVIEW .............................................................................................................. 6

APPLICABLE LEGAL STANDARDS .......................................................................................... 7

      A.    Rule 12(b)(2) Motion to Dismiss. ........................................................................... 7

      B.    Rule 12(b)(6) Motion to Dismiss. ........................................................................... 8

ARGUMENT AND AUTHORITIES .............................................................................................. 8

I.     The Court should not accept the Magistrate Judge's recommendation to deny LG Chem's Rule 12(b)(2) motion to dismiss. ........................................................................................ 9

      A.    The Magistrate Judge erroneously concluded that LG Chem formed constitutional "minimum contacts" with Texas and that LG Chem's contacts satisfy the "relatedness" prong of the specific personal jurisdiction analysis ................................................................................................................... 9

      B.    The Magistrate Judge erroneously rejected LG Chem's argument concerning the "stream of commerce" analogy. ................................................... 15

      C.    The Magistrate Judge erroneously concluded that it would be reasonable to exercise personal jurisdiction over LG Chem. ..................................................... 16

II.    The Court should not accept the Magistrate Judge's recommendation to deny LG Chem's alternative Rule 12(b)(6) motion to dismiss .................................................................... 17

CONCLUSION .............................................................................................................................. 20

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's*
*September 25, 2023 Findings, Conclusions, and Recommendations*

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ainsworth v. Moffett Eng'g, Ltd.*,
   716 F.3d 174 (5th Cir. 2013) ................................................................15

*Alexander v. Clear*,
   No. 3:22-CV-1144-G, 2023 WL 3087337 (N.D. Tex. Apr. 25, 2023) ............................18, 19

*Alpine View Co. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ................................................................7

*In the Matter of Am. River Transportation Co., LLC*,
   No. CV 18-2186, 2022 WL 17325899 (E.D. La. Nov. 29, 2022) .........................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................8

*Ashley v. Hawkins*,
   293 S.W.3d 175 (Tex. 2009).............................................................19

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................8

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017)....................................8, 10

*Bullock v. Otto Imports, LLC*,
   No. 4:19-CV-149-BJB, 2022 WL 949914 (W.D. Ky. Mar. 29, 2022) ....................................14

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)................................................................8

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ................................................................8

*Davis v. LG Chem, Ltd.* and *Fullerton v. LG Chem, Ltd.*,
   Case Nos. 20-13837 and 20-13838, 2020 WL 981418 (11th Cir. March 16, 2021) ................................................................5, 6

*Durham v. LG Chem, Ltd.*,
   No. 21-11814, 2022 WL 274498 (11th Cir. Jan. 31, 2022)....................................6

*Ethridge v. Samsung SDI Co.*,
   Ltd., 617 F. Supp.3d 638, 653 (S.D. Tex. 2022)................................................................12

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's
September 25, 2023 Findings, Conclusions, and Recommendations*

ii

*Evans v. Martinez*,
    05-18-01241, 2020 WL 1909998 (Tex. App. Apr. 20, 2020)..................................................18

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    141 S. Ct. 1017 (2021) .............................................................................3, 8, 9, 10, 11, 12, 13

*Ford. Richter v. LG Chem, Ltd.*,
    No. 18 CV 50360, 2022 WL 5240583 (N.D. Ill. Sept. 27, 2022)....................................12, 13

*Gant v. DeLeon*,
    786 S.W.2d 259 (Tex. 1990) (per curiam)................................................................................19

*Gonzalez v. Phoenix Frozen Foods, Inc.*,
    884 S.W.2d 587 (Tex. App.-Corpus Christi 1994, no writ)......................................................18

*Grizzard v. LG Chem Ltd.*,
    No. 2:21CV469, 2022 WL 17076706 (E.D. Va. Nov. 18, 2022) .............................................14

*Hansler v. Manika*,
    807 S.W.2d 3 (Tex. App. – Corpus Christi 1991, no writ)........................................................19

*Heit v. LG Chem, Ltd.*,
    No. 21-CV-00771-HFS, 2023 WL 1928289 (W.D. Mo. Feb. 10, 2023)...............................14

*Huntington v. Smoke City for Less, LLC*,
    No. 4:22-CV-05014-MKD, 2023 WL 2996729 (E.D. Wash. Apr. 18, 2023) ........................14

*LG Chem Am., Inc. v. Morgan*,
    670 S.W.3d 341 (Tex. 2023).............................................................................2, 9, 11, 12, 14

*Mayden v. Home Depot U.S.A., Inc.*,
    No. 3:20-CV-132-BN, 2020 WL 5759964 (N.D. Tex. Sept. 28, 2020) ...............................19

*McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011)..................................................................................................................16

*Mehl v. LG Chem Ltd.*,
    No. 6:21-CV-01149-AA, 2022 WL 3595089 (D. Or. Aug. 23, 2022) ...................................14

*Mink v. AAAA Dev. LLC*,
    190 F.3d 333 (5th Cir. 1999) .....................................................................................................7

*Montgomery v. Astrue*,
    No. 3:09-CV-1194-O, 2010 WL 3583380 (N.D. Tex. Sept. 13, 2010) ....................................7

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's*
*September 25, 2023 Findings, Conclusions, and Recommendations*

iii

*Murray v. San Jacinto Agency, Inc.*,
    800 S.W.2d 826 (Tex. 1990).............................................................................17

*Patterson v. Aker Sols, Inc.*,
    826 F.3d 231 (5th Cir. 2016) ...........................................................................7

*Perez v. Best Buy Stores, L.P.*,
    No. SA-20-CV-00812-XR, 2021 WL 411147 (W.D. Tex. Feb. 5, 2021) ..............17

*Pervasive Software, Inc. v. Lexware GMBH & Company KG*,
    688 F.3d 214 (5th Cir. 2012) ...........................................................................7

*Proulx v. Wells*,
    235 S.W.3d 213 (Tex. 2007) (per curiam)...................................................17, 18

*Quiniones v. LG Chem, Ltd.*,
    No. 221CV01612MCEJDP, 2022 WL 17822479 (E.D. Cal. Dec. 20, 2022)..........14

*Quiniones v. LG Chem, Ltd.*,
    No. 221CV01612MCEJDP, 2023 WL 3124412 (E.D. Cal. Apr. 27, 2023)............14

*Ramirez v. Consol. HGM Corp.*,
    124 S.W.3d 914 (Tex. App. 2004).....................................................................18

*Straight v. LG Chem, Ltd.*,
    640 F. Supp. 3d 795 (S.D. Ohio 2022) ........................................................16, 17

*Straight v. LG Chem, Ltd.*,
    No. 2:20-CV-6551, 2022 WL 16836722 (S.D. Ohio Nov. 9, 2022) .....................14

*Walden v. Fiore*,
    571 U.S. 277 (2014).........................................................................................8

*Wilson v. Belin*,
    20 F. 3d 644 (5th Cir. 1994), *cert denied*, 513 U.S. 930 (1994)...........................7

*World-Wide Volkswagen v. Woodson*,
    444 U.S. 286 (1980)....................................................................................3, 16

*Yamashita v. LG Chem, Ltd.*,
    62 F.4th 496 (9th Cir. 2023) .............................................................................14

*Young v. LG Chem LTD*,
    No. MO:21-CV-00227-DC, 2023 WL 3077881 (W.D. Tex. Jan. 26, 2023)...........12

**Rules**

Fed. R. Civ. P. 4(k)(2)........................................................................................13

Fed. R. Civ. P. 12(b)(2)......................................................................................7, 9

Fed. R. Civ. P. 12(b)(6)......................................................................................8, 9

Fed. R. Civ. P. 72(b)(2)......................................................................................1

L. R. 72.2(a).......................................................................................................1

**Statutes**

28 U.S.C § 636...................................................................................................7

28 U.S.C. § 636(b)(1).........................................................................................1, 6

42 U.S.C. § 1981................................................................................................17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| CONSTANTINO GEORGIOU, | Civil Action No: 4:21-cv-00418-O |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| SHORE POWER, INC. (D.B.A. BATTERY JUNCTION); LG CHEM, LTD., AND DOES 1-50, | |
| Defendants. | |

### DEFENDANT LG CHEM, LTD.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SEPTEMBER 25, 2023 FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Defendant LG Chem, Ltd. ("LG Chem"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72(b)(2), Local Rule 72.2(a), and 28 U.S.C. § 636(b)(1), respectfully submits these Objections to Magistrate Judge Ray's September 25, 2023 Findings, Conclusions, and Recommendations ("FCR") (ECF No. 98) and requests a *de novo* review of the issues addressed by the Magistrate Judge.

LG Chem objects to the FCR on the specific grounds discussed below and requests that the Court reject the FCR and instead enter an Order granting LG Chem's Motion to Dismiss for Lack of Personal Jurisdiction and, in the Alternative, for Failure to State a Claim (ECF No. 70).

### INTRODUCTION

LG Chem is a Korean company with its headquarters and principal place of business in Seoul, South Korea.  LG Chem is not "at home" in Texas (which Plaintiff concedes) and has not purposefully directed any activity toward the State of Texas related to Plaintiff's claims.

Therefore, jurisdiction is lacking, and Plaintiff's claims against LG Chem should be dismissed.

Plaintiff Constantino Georgiou ("Plaintiff") alleges that he was injured on or about March 17, 2019, when an "LG lithium-ion 18650" battery he purchased online from www.batteryjunction.com for use with his electronic cigarette device allegedly exploded in his pants pocket. (Third Am. Compl. ¶ 59.) Plaintiff alleges that LG Chem manufactured the battery and placed it into the stream of commerce to Texas through a network of distributors.

Contrary to Plaintiff's allegations, LG Chem never sold lithium-ion battery cells to individual consumers and did not supply its lithium-ion battery cells to vape stores, either directly or indirectly through a channel of distribution. Instead, one or more third parties – acting independently of LG Chem and without its authorization – have obtained LG Chem's 18650 lithium-ion cells and re-directed them into a consumer market for standalone vaping batteries.

Based on these facts, which were supported by admissible, uncontroverted evidence, LG Chem moved to dismiss Plaintiff's Third Amended Complaint for lack of personal jurisdiction. The Magistrate Judge recommends denying the motion, following the lead of the Texas Supreme Court, the Sixth Circuit, and the District Court for the Western District of Texas.

In so recommending, however, the Magistrate Judge fails to address that (1) the Texas Supreme Court heard *Morgan* only after appellate courts within Texas were split on the due process issue, (2) the majority of federal courts to have considered the due process issue in other cases involving similar claims against LG Chem (including the Ninth Circuit Court of Appeals and District Courts for the Eastern District of Louisiana, Eastern District of California, Eastern District of Washington and many others) have reached the opposite conclusion and found due process was not satisfied, and (3) another federal court in Texas (Southern District) found personal

jurisdiction lacking over another manufacturer (Samsung) in a case involving similar issues.

In addition, the Magistrate Judge's recommendation fails to adhere to the Supreme Court's admonition in *Ford* that the phrase "relate to" does not mean "anything goes." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021).

It is black letter law that personal jurisdiction cannot rest on the contacts of a third party; instead, personal jurisdiction must be based on contacts that the defendant itself – not third parties – creates with the forum.  "[I]t is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment." *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 296 (1980).  That standard is not met here, and LG Chem should be dismissed.

## BACKGROUND

### A.  Plaintiff's jurisdictional allegations

Plaintiff's jurisdictional allegations against LG Chem are set forth in Paragraphs 20–24 of his Third Amended Complaint.  Plaintiff alleges that LG Chem is subject to this Court's jurisdiction because LG Chem "transacts substantial and regular business in Texas via its manufacture, distribution, and/or sale of products – including but limited to lithium-ion 18650 lithium-ion batteries – in Texas with the reasonable expectation that said products will be used in Texas, by Texas consumers."  (Third Am. Compl. ¶ 24 [ECF No. 64].)

### B.  Facts establishing lack of specific personal jurisdiction over LG Chem.

LG Chem's motion to dismiss was supported by admissible evidence showing that LG Chem has not engaged in any purposeful business activities in or directed to the State of Texas related to the allegations at issue in Plaintiff's Third Amended Complaint.

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's September 25, 2023 Findings, Conclusions, and Recommendations*

3

LG Chem never designed, manufactured, distributed, advertised, or sold 18650 lithium-ion cells for sale to or use by individual consumers as standalone, replaceable batteries – in Texas or anywhere else. (ECF No. 71 at 5, Park Second Decl. ¶ 11.) Instead, the "18650" [1] cells LG Chem previously manufactured are industrial component parts; they are not standalone, replaceable consumer batteries, and they were not designed or sold by LG Chem to be handled by individual consumers. (*Id.*)

LG Chem never authorized anyone to advertise, distribute or sell LG 18650 lithium-ion cells to individual consumers in Texas, or anywhere else, as standalone, replaceable batteries for any purpose. (*Id.* ¶¶ 16, 18.) LG Chem never provided, advertised, or authorized consumer repair or replacement services for its 18650 lithium-ion cells in Texas and never targeted any advertising, marketing, or promotion of LG 18650 lithium-ion cells as standalone batteries to consumers in Texas. (*Id.* ¶ 17.) Consumers could not purchase 18650 lithium-ion cells from LG Chem through its website. (*Id.*)

LG Chem never utilized distributors to redistribute, sell, package, transport, or otherwise provide LG 18650 cells to individual consumers as standalone, replaceable batteries, in Texas or anywhere else. (*Id.* ¶ 19.) LG Chem never advertised, distributed, or sold its lithium-ion battery cells to anyone known to LG Chem to be engaged in the business of selling 18650 lithium-ion cells directly to consumers for use as standalone, replaceable batteries for any purpose. (*Id.* ¶ 22.) LG Chem did not distribute, sell, or otherwise supply 18650 lithium-ion cells to Battery Junction,

---

[1] The designation "18650" describes the size and shape characteristics of the cell; 18650 cells are 18 millimeters wide, 65 millimeters long, and they are cylindrical. (ECF No. 71 at 5, Park Second Decl. ¶ 10.)

"Batteryjunction.com," or IMR at any time and did not direct or control the actions of these entities.  (*Id.* ¶ 14.)

The jurisdictional facts are addressed in passing on pages 5–6 of the FCR, noting only that "Georgiou showed that LG Chem shipped model 18650 lithium-ion batteries into Texas, which LG Chem does not deny, and this accords with other evidence presented in similar cases."  (ECF No. 98 at 5–6.)  LG Chem's evidence showing that it did not ship 18650 lithium-ion battery cells (or any lithium-ion batteries) to vape stores, retailers, wholesalers, or distributors in the Texas vaping industry is uncontroverted, as discussed in LG Chem's reply brief in further support of its motion to dismiss and incorporated herein by reference.  (ECF No. 74 at 2–3.)  To the extent the Magistrate Judge's FCR may be construed to rely on any factual findings other than Plaintiff having alleged that LG Chem shipped 18650 lithium-ion cells to sophisticated companies to be incorporated in battery packs with protective circuitry – not sold as standalone batteries to individual consumers – LG Chem objects.

### C.  Plaintiff's delay in serving LG Chem with process

Plaintiff filed his first lawsuit based on the above facts in the United States District Court for the Northern District of Georgia on March 30, 2020 (Case No. 1:20-cv-01381-SDG), naming as defendants LG Chem and LG Chem's wholly-owned U.S. subsidiary LG Chem America, Inc. Plaintiff never served LG Chem with process in that suit and voluntarily dismissed it approximately ten months after filing, in reaction to orders in other similar cases by the presiding judge.  *See Davis v. LG Chem, Ltd.* and *Fullerton v. LG Chem, Ltd.*, Case Nos. 20-13837 and 20-13838 (consolidated), 2020 WL 981418 (11th Cir. March 16, 2021) (affirming orders dismissing LG Chem for lack of personal jurisdiction from similar suit in Georgia based on plaintiffs' failure

to satisfy Georgia's long-arm statute), *cert. denied sub nom.*, 142 S. Ct. 108 (2021); *Durham v. LG Chem, Ltd.*, No. 21-11814, 2022 WL 274498 (11th Cir. Jan. 31, 2022) (same).

Plaintiff then filed his second suit on the same facts – the instant matter – on March 10, 2021.  (ECF No. 1).  Plaintiff promptly requested a summons to LG Chem, which the Clerk issued the next day.  (ECF Nos. 2, 3, 5.)  Plaintiff twice amended his complaint, on March 21, 2022 and again on July 5, 2022.  (ECF Nos. 27, 35.)

On September 26, 2022, a year and a half after filing his lawsuit, Plaintiff for the first time sought an extension of time to serve LG Chem, asserting that he had "initiated service of the Summons and Complaint on Defendant LG Chem, Ltd., on April 1, 2021, via the Hague Service Convention" and that his service processor was "following up with authorities in South Korea." (ECF No. 45 at 1–2.)  The Court granted Plaintiff's motion and extended the deadline for Plaintiff to serve LG Chem until December 8, 2022.  (ECF No. 46.)

On December 1, 2022, Plaintiff sought a second extension of time to serve LG Chem, asserting that the documents submitted to the Korean Central Authority for service on LG Chem may have been "lost or mishandled" and that his service processor would be "resubmitting" the documents to the Central Authority for service.  (ECF No. 47 at 2.)  The Court granted Plaintiff's motion and extended the deadline for Plaintiff to serve LG Chem until May 8, 2023.  (ECF No. 48.)  Plaintiff finally served LG Chem with process through the Hague Service Convention on April 4, 2023 – more than two years after filing suit.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), "the Court must review the pleadings, filings, and records of the case and the Findings, Conclusions and Recommendations of the Magistrate Judge

de novo." *Montgomery v. Astrue*, No. 3:09-CV-1194-O, 2010 WL 3583380, at *1 (N.D. Tex. Sept. 13, 2010); 28 U.S.C § 636 ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636. The Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### APPLICABLE LEGAL STANDARDS

#### A. Rule 12(b)(2) Motion to Dismiss.

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F. 3d 644, 648 (5th Cir. 1994), *cert denied*, 513 U.S. 930 (1994); *see also Patterson v. Aker Sols, Inc.*, 826 F.3d 231, 233 (5th Cir. 2016); *Pervasive Software, Inc. v. Lexware GMBH & Company KG*, 688 F.3d 214, 219 (5th Cir. 2012).

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).

Because the Texas long-arm statute extends to the limits of due process, the Court need only consider whether exercising jurisdiction over defendants would be consistent with the Due Process Clause of the Fourteenth Amendment. *Id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's September 25, 2023 Findings, Conclusions, and Recommendations*

7

To exercise specific jurisdiction consistent with the requirements of due process, the Court must consider "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Specific jurisdiction may be exercised only in those cases "in which the suit arises out of or relates to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Ford*, 141 S. Ct. at 1025; *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017).

For the Court to exercise specific personal jurisdiction over LG Chem, Plaintiff must prove: (1) that LG Chem purposefully directed its activities at residents of Texas; (2) that LG Chem's contacts with Texas are sufficient to subject LG Chem to a lawsuit in Texas on a cause of action related to or arising out of those activities in Texas; and (3) that the exercise of jurisdiction by Texas comports with fair play and substantial justice. *Ford*, 141 S. Ct. at 1024–25 (2021); *Bristol-Myers*, 137 S. Ct. at 1780; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476 (1985).

### B. Rule 12(b)(6) Motion to Dismiss.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. *Twombly*, 550 U.S. at 555.

### ARGUMENT AND AUTHORITIES

This Court should decline to adopt the Magistrate Judge's FCR and instead grant LG Chem's motion, dismissing Plaintiff's claims against LG Chem for lack of personal jurisdiction

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's September 25, 2023 Findings, Conclusions, and Recommendations*

8

under Rule 12(b)(2) or, alternatively, for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

I.      **The Court should not accept the Magistrate Judge's recommendation to deny LG Chem's Rule 12(b)(2) motion to dismiss.**

A.      **The Magistrate Judge erroneously concluded that LG Chem formed constitutional "minimum contacts" with Texas and that LG Chem's contacts satisfy the "relatedness" prong of the specific personal jurisdiction analysis**

On pages 5–8 of the FCR (III.A.1), the Magistrate Judge concludes that "LG Chem's direct shipments of model 18650 batteries into Texas, and related commercial activities in the state, demonstrate that LG Chem purposefully availed itself of Texas and established minimum contacts" and that "LG Chem should not be surprised to be sued in Texas about a type of battery that it shipped here."  (ECF No. 98 at 5–8.)  Later, on pages 10–13 of the FCR (III.A.3), the Magistrate Judge discusses the "relatedness" element of the specific jurisdiction test in more detail, discussing *Ford* and relying heavily on and quoting the Texas Supreme Court (*Morgan*) and the Sixth Circuit Court of Appeals (*Sullivan*).  (*Id.* at 10–13.)  These conclusions are in error and LG Chem specifically objects.

In so doing, the Magistrate Judge makes two fundamental errors.  First, the Magistrate Judge fails to give meaning to the Supreme Court's admonition in *Ford* that the phrase "relate to" has "real limits"; it "does not mean anything goes."  *Ford*, 141 S. Ct. at 1026 (2021).  Second, the Magistrate Judge either fails to address, or incorrectly addresses, numerous decisions by federal courts within and beyond the Fifth Circuit that are in conflict with *Morgan* and *Sullivan* and support LG Chem's position here.

### 1. *Ford* supports the dismissal of LG Chem.

When the U.S. Supreme Court most recently addressed specific personal jurisdiction in *Ford*, it reiterated that, for a court to exercise specific jurisdiction consistent with due process, the plaintiff's claim "must arise out of or relate to the defendant's contacts with the forum." 141 S. Ct. at 1025. In *Ford*, the Supreme Court also reiterated that specific jurisdiction must be determined based on the contacts the defendant itself formed with the forum state—not contacts formed by others.

Although the Supreme Court rejected Ford's argument that there must be a strict causal connection between the defendant's in-state conduct and the plaintiff's claims, the Court nevertheless reiterated that the specific jurisdiction analysis must focus on the extent and nature of the defendant's conduct directed to the forum state and the degree to which that conduct is related or connected to the plaintiff's claims. *Id.* at 1027–28; *see also Bristol-Myers*, 137 S. Ct. at 1781 ("When there is no such connection, specific jurisdiction is lacking regardless of the extent of the defendant's unconnected activities in the State.").

In *Ford*, which consolidated two cases that originated in Montana and Minnesota state courts, respectively, the Supreme Court found those two states had properly exercised personal jurisdiction over Ford in cases in which a consumer plaintiff asserted product liability claims against the company based on use of a Ford vehicle that had arrived in the forum state (where the accident occurred) as the result of consumer relocations and resales, and was not designed, manufactured, or sold in the forum by Ford.

Although Ford did not bring the specific vehicles to the forum states, Ford itself engaged in extensive and wide-ranging activities in the forum state in furtherance of its undisputed intention

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's*
*September 25, 2023 Findings, Conclusions, and Recommendations*

to serve a consumer market for the very same type of vehicles at issue.  It was Ford, not unauthorized third parties, that supplied consumers in Minnesota and Montana with Ford vehicles (and specifically Explorers and Crown Victorias—the vehicles at issue in the underlying cases). *Ford*, 141 S. Ct. at 1028.  It was Ford, not unauthorized third parties, that advertised those vehicles to in-state consumers on TV and billboards and by "every means imaginable."  *Id.*  And it was Ford that licensed dealers to sell, maintain, and repair Ford cars in Minnesota and Montana.  *Id.* Thus, Ford had "a veritable truckload" of relevant, suit-related contacts with Minnesota and Montana.  *Id.* at 1031.

Here, by contrast to *Ford*, LG Chem was *not* involved in supplying consumers in Texas with LG 18650 lithium-ion battery cells sold as standalone batteries.  (*See* ECF No. 71 at 5–7, Park Second Decl. ¶¶ 11–12, 18–20, 22.)  LG Chem did not supply lithium-ion battery cells to retailers or other entities for re-sale to Texas consumers as standalone batteries.  (*Id.* ¶¶ 11–12, 14–16, 19– 20, 22.)  LG Chem did not advertise to Texas consumers to purchase lithium-ion battery cells as standalone batteries for any purpose, let alone as replaceable e-cigarette batteries.  (*Id.* ¶¶ 12, 17– 18.)  LG Chem never provided, advertised, or authorized consumer repair or replacement services for LG 18650 lithium-ion cells in Texas.  (*Id.* ¶ 17.)  Thus, any connections that exist between Texas and this lawsuit were formed *entirely* by Plaintiff and other third parties—not by LG Chem.

Unlike *Ford*, where the U.S. Supreme Court found jurisdiction was proper because Ford regularly served a consumer market for the very same type of vehicles at issue in the forum states, here, LG Chem did not serve a consumer market in Texas for standalone 18650 lithium-ion batteries.  (ECF No. 71 at 5–6, Park Second Decl. ¶¶ 11–12, 17–20.)

2.  The weight of other federal court authorities contradicts the Magistrate Judge's narrow reliance on *Morgan* and *Sullivan*.

At the time LG Chem filed its earlier Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 60 at 18), there was a split among appellate courts within the State of Texas regarding the question whether due process can be satisfied by the exercise of personal jurisdiction over LG Chem based on allegations that LG Chem conducted unrelated business in the state involving the same product (18650 lithium-ion battery cells) and was allegedly aware that unauthorized third parties were selling its 18650 lithium-ion cells to consumers in the state as standalone batteries.  The Texas Supreme Court in *Morgan* subsequently held that the relatedness prong of the specific jurisdiction analysis was satisfied because LG Chem "undisputedly sold and distributed model 18650 batteries in Texas, and . . . [does] not dispute that is the same model battery Morgan alleges injured him in Texas."  *LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 349 (Tex. 2023).  In addition, the federal district court in *Young* concluded that the plaintiff's claims related to LG Chem's contacts with Texas because "LG Chem sent a battery into Texas and it allegedly malfunctioned."  *Young v. LG Chem LTD*, No. MO:21-CV-00227-DC, 2023 WL 3077881, at *3 (W.D. Tex. Jan. 26, 2023).

Another federal court in Texas reached the opposite conclusion in a case involving a different battery manufacturer – Samsung.  *Ethridge v. Samsung SDI Co.*, Ltd., 617 F. Supp.3d 638, 653 (S.D. Tex. 2022).  The Magistrate Judge dismisses the decision by the Southern District of Texas in *Ethridge* with little discussion, finding the outcome was "based on a causation-only standard expressed in *Richter* that the Supreme Court rejected in *Ford* and that the Fifth Circuit also rejected in *Tutus*."  (ECF No. 98 at 12.)  But that dismissal fails to consider the *Ethridge* court's analysis, which discussed *Ford* at length and specifically focused on the meaning of

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's*
*September 25, 2023 Findings, Conclusions, and Recommendations*

"relatedness."  In other words, the *Ethridge* court did not apply a "causation-only" standard, as the Magistrate Judge suggests.  Further, the Magistrate Judge failed to address the fact that the plaintiff in the *Richter* case moved to reconsider that decision after *Ford* was decided, and the District Court affirmed that its decision remained correct after *Ford*.  *Richter v. LG Chem, Ltd.*, No. 18 CV 50360, 2022 WL 5240583, at *2–3 (N.D. Ill. Sept. 27, 2022).

And beyond Texas, numerous federal courts have found personal jurisdiction lacking over LG Chem after concluding that the "relatedness" element of the due process analysis is not satisfied because sales of 18650 lithium-ion battery cells to sophisticated customers to be packed in battery packs with protective circuitry is not sufficiently related to a claim for personal injury from use of an 18650 as a standalone battery to satisfy due process.  In the FCR, the Magistrate Judge cited *In the Matter of Am. River Transportation Co., LLC* (*ARTCO*), No. CV 18-2186, 2022 WL 17325899 (E.D. La. Nov. 29, 2022) as the only other federal court to have agreed with LG Chem's position, disregarding the numerous courts concluding otherwise, including *Richter*.

In *In the Matter of Am. River Transportation Co.*, the District Court found not only that personal jurisdiction was lacking because LG Chem "never sold LG 18650 lithium ion batteries to anyone in Louisiana" (as noted in the parenthetical on page 7 of the FCR) but also addressed LG Chem's contacts with the entire United States under a Rule 4(k)(2) analysis and still concluded that personal jurisdiction was lacking because LG Chem's sales of 18650 lithium-ion cells to sophisticated manufacturers were not sufficiently related to similar claims for personal jurisdiction to satisfy due process.  *ARTCO*, 2022 WL 17325899, at *8 ("[R]ecord evidence establishes that LG Chem never advertised, distributed, or sold LG 18650 lithium batteries for use by individual consumers as standalone, replaceable batteries for any purpose—anywhere—and never authorized

anyone else to do so either.  The batteries involved in this case indisputably arrived there through third party distribution chains that did not involve LG Chem.").

The Ninth Circuit Court of Appeals agreed, in a decision rendered *after Young* was decided by the Western District of Texas.  *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496 (9th Cir. 2023) (affirming the district court's dismissal of LG Chem and concluding that "[E]ven if LGC . . . sells 18650 batteries to manufacturers for incorporation in consumer products sold in Hawaii, these sales would not be related to purchases of stand-alone batteries by Hawaii consumers.").  The Magistrate Judge's FCR appears to cite *Yamashita* in support of the conclusion that personal jurisdiction exists over LG Chem (on page 6) when *Yamashita* leads to the exact opposite result. And the District Court for the Eastern District of California, following *Yamashita*, also found personal jurisdiction lacking over LG Chem in California, despite similar allegations that LG Chem had extensively supplied its 18650 lithium-ion cells to battery packers and equipment manufacturers in that state. *Quiniones v. LG Chem, Ltd.*, No. 221CV01612MCEJDP, 2022 WL 17822479 (E.D. Cal. Dec. 20, 2022) and No. 221CV01612MCEJDP, 2023 WL 3124412 (E.D. Cal. Apr. 27, 2023), appeal docketed, No. 23-15941 (9th Cir., June 29, 2023); *see also Huntington v. Smoke City for Less, LLC*, No. 4:22-CV-05014-MKD, 2023 WL 2996729 (E.D. Wash. Apr. 18, 2023).

These decisions, and many others,[2] contradict the Magistrate Judge's narrow reliance on *Morgan* and *Sullivan*, which LG Chem respectfully submits were wrongly decided.

---

[2] *See Heit v. LG Chem, Ltd.*, No. 21-CV-00771-HFS, 2023 WL 1928289 (W.D. Mo. Feb. 10, 2023) (dismissing LG Chem for lack of personal jurisdiction in Missouri); *Grizzard v. LG Chem Ltd.*, No. 2:21CV469, 2022 WL 17076706 (E.D. Va. Nov. 18, 2022) (same – Virginia); *Straight v. LG Chem, Ltd.*, No. 2:20-CV-6551, 2022 WL 16836722 (S.D. Ohio Nov. 9, 2022) (same – Ohio); *Mehl v. LG Chem Ltd.*, No. 6:21-CV-01149-AA, 2022 WL 3595089 (D. Or. Aug. 23, 2022) (same

**B. The Magistrate Judge erroneously rejected LG Chem's argument concerning the "stream of commerce" analogy.**

On pages 8–10 of the FCR (III.A.2), the Magistrate Judge addresses LG Chem's argument that the "stream of commerce metaphor cannot support the exercise of jurisdiction." (*See* ECF No. 72 at 14.) On page 8, the Magistrate Judge correctly cites the Fifth Circuit's stream of commerce standard as set forth in *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (for jurisdiction to exist under a stream of commerce theory, the Court must find "that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased or used by consumers in the forum state"). However, the Magistrate Judge's analysis is in error, and LG Chem specifically objects.

The Magistrate Judge ultimately concluded that the "stream of commerce" theory does not support the exercise of jurisdiction because Plaintiff "did not provide adequate evidence of foreseeability to satisfy the stream of commerce theory." (ECF No. 98 at 10.) Although the Magistrate Judge correctly concluded that the stream of commerce analogy does not support the exercise of jurisdiction over LG Chem, the reasons given are erroneous and therefore LG Chem preserves its objections for purposes of the Court's de novo review.

First, in *Ainsworth*, 716 F.3d at 177, the Fifth Circuit explicitly stated that for the stream of commerce theory to support the exercise of jurisdiction, the defendant must have delivered the product into the stream of commerce with the expectation that it would be *purchased or used by consumers* in the forum state. The Magistrate Judge ignored that distinction, concluding that it

---

– Oregon); *Bullock v. Otto Imports, LLC*, No. 4:19-CV-149-BJB, 2022 WL 949914 (W.D. Ky. Mar. 29, 2022) (same – Kentucky).

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's*
*September 25, 2023 Findings, Conclusions, and Recommendations*

only mattered whether LG Chem expected its 18650 lithium-ion cells to *arrive* in the forum state, when that is not the standard.

Second, the Magistrate Judge's reliance on *World-Wide Volkswagen* for the conclusion that foreseeability alone can support the exercise of personal jurisdiction was in error.  The Supreme Court has made clear time and again that it is the defendant's own *actions*, not its alleged awareness of the actions of third parties, that create the necessary connection with the forum state.  *See McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) (plurality op.) ("[I]t is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment."); *see also World-Wide Volkswagen*, 444 U.S. at 296 (noting that "if foreseeability were the criterion," then "[e]very seller of chattels would in effect appoint the chattel his agent for service of process.  His amenability to suit would travel with the chattel.").

### C. The Magistrate Judge erroneously concluded that it would be reasonable to exercise personal jurisdiction over LG Chem.

On pages 13–14 of the FCR (III.A.4), the Magistrate Judge concludes that it would be reasonable to exercise personal jurisdiction over LG Chem.  (ECF No. 98 at 13–14.)  The Magistrate Judge's conclusion is in error, and LG Chem specifically objects.

First, because due process is not satisfied, there is no basis on which to reach the reasonableness inquiry.  The first two prongs of the specific jurisdiction analysis are concerned only with the questions whether the defendant formed minimum contacts with the forum state and whether the plaintiff's claims "arise out of or relate to" those contacts.  Because Plaintiff has not met his burden of proving those two elements, the court need not address the "reasonableness" element.  *Straight v. LG Chem, Ltd*., 640 F. Supp. 3d 795, 807 (S.D. Ohio 2022).

Second, even if the "purposeful availment" and "relatedness" elements were satisfied, which they were not, it would still be unreasonable to subject LG Chem to personal jurisdiction in Texas, when "there is no evidence that LG Chem supplied, sold, distributed or otherwise authorized its 18650 cells to be sold by American vaping retailers or used by American vaping consumers. To the contrary, LG Chem took steps to prevent such use, as discussed above." *Straight*, 640 F. Supp. 3d at 807.

## II. The Court should not accept the Magistrate Judge's recommendation to deny LG Chem's alternative Rule 12(b)(6) motion to dismiss.

For purposes of LG Chem's motion to dismiss, it is not disputed that Plaintiff filed his products liability and negligence claims within the applicable two-year statutes of limitations.

The issue here is that, under Texas law, the statute of limitations requires both timely filing of the complaint and the exercise of diligence to perfect service of process. *Perez v. Best Buy Stores, L.P.*, No. SA-20-CV-00812-XR, 2021 WL 411147, at *1 (W.D. Tex. Feb. 5, 2021) (citing *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam)); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990).

Whether or not the plaintiff exercised due diligence in serving the defendant cannot be determined from review of the complaint itself. Therefore, the Magistrate Judge's reliance on *Jones* (ECF No. 98 at 14) for the proposition that "it is not truly evident from the plaintiff's pleadings that the action is barred" is inapposite. *Jones* involved the question of when a 42 U.S.C. § 1981 claim arose under federal law – not the question whether service was diligently pursued as required under Texas law.

On page 15 of the FCR (ECF No. 98), the Magistrate Judge erroneously credits the nonspecific and unsubstantiated assertion made by Plaintiff's counsel that paralegals at her former

firm emailed the service company while criticizing LG Chem's motion as "inaccurate," even though LG Chem's motion was based upon undisputed facts ascertained from the public court docket.  This was in error, and LG Chem specifically objects.

Texas law is clear that "it is the **plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay**." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (emphasis added).  *See also Alexander v. Clear*, No. 3:22-CV-1144-G, 2023 WL 3087337, at *3 (N.D. Tex. Apr. 25, 2023) (citing *Proulx*).  Plaintiff offered no evidence to support his burden of proof on this issue, and the Magistrate Judge erred by finding Plaintiff had met that burden, even though the Plaintiff did not introduce the alleged emails, as the Magistrate Judge recognized when stating that "it would have been preferable for [Plaintiff] to offer the actual emails from the paralegal personnel to the service company to document his efforts to obtain service on LG Chem[.]"  (ECF No. 98 at 15.)

"The relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Evans v. Martinez*, 05-18-01241, 2020 WL 1909998, at *2 (Tex. App. Apr. 20, 2020) (citing *Proulx*, 235 S.W.3d at 216).  "A reasonable litigant does not wait months or years to investigate circumstances that may negate his recovery when the law demands diligence." *Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 922 (Tex. App. 2004); *see also Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.-Corpus Christi 1994, no writ) (holding that misplaced reliance on a process server did not constitute due diligence).

Here, Plaintiff filed his action in this Court on March 10, 2021 (*see* ECF No. 1) but did not effectuate service on LG Chem until more than two years later, on April 4, 2023. Even taking as true Plaintiff's counsel's representations regarding efforts to perfect service on LG Chem, Plaintiff admittedly waited <u>eight months</u> before requesting a status update from his service processor (November 22, 2021) and then waited <u>another eight months</u> before a second follow up (July 12, 2022) and then <u>another five months</u> before initiating a second attempt at service on LG Chem.

Courts have found a lack of due diligence as a matter of law when the plaintiff "failed to point to specific evidence in the record explaining any periods of delay" or "any delays were unusually long[.]" *Alexander*, 2023 WL 3087337, at *3 (collecting cases). A lack of diligence may also be found as a matter of law "if plaintiff offers no valid excuse for lack of service or if the lapse in time, along with plaintiff's actions or inaction, conclusively negate diligence." *Mayden v. Home Depot U.S.A., Inc.*, No. 3:20-CV-132-BN, 2020 WL 5759964, at *4 (N.D. Tex. Sept. 28, 2020) (citing *Hansler v. Manika*, 807 S.W.2d 3, 5 (Tex. App. – Corpus Christi 1991, no writ)).

Even considering the requirement of service through the Hague Service Convention, here, Plaintiff's unexplained inactivity during three extended periods totaling more than 19 months in between the initiation of his first and second attempts to serve LG Chem establishes his failure to use diligence as a matter of law. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam) ("Plaintiffs' unexplained delay of three periods totaling 38 months in obtaining service on defendant establishes failure to use diligence as a matter of law."); *see also Ashley v. Hawkins*, 293 S.W.3d 175, 180 n.6 (Tex. 2009) (finding a five-month unexplained gap and a lack of diligence); *Hansler*, 807 S.W.2d at 5 (concluding that the plaintiff did not exercise due diligence

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's September 25, 2023 Findings, Conclusions, and Recommendations*

19

as a matter of law because there was an "unexplained delay of five months" between when the statute of limitations expired and service of process).

Because Plaintiff acted with a lack of diligence as a matter of law, his negligence and product liability claims are time-barred and should be dismissed in the alternative to dismissing LG Chem for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the briefing in support of LG Chem's Motion to Dismiss (ECF Nos. 72, 74), LG Chem respectfully requests that the Court decline to adopt the Magistrate Judge's Findings, Conclusions, and Recommendations and instead enter an Order dismissing Plaintiff's claims against LG Chem for lack of personal jurisdiction or, on the alternative grounds, that Plaintiff's claims against LG Chem are time-barred.

Dated: October 10, 2023                    Respectfully submitted,

**DAVID P. STONE – LEAD COUNSEL**
State Bar No. 19289060
David.Stone@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone: (469) 484-6100
Facsimile: (469) 828-7217

*/s/ Rachel Hedley*
Rachel Atkin Hedley
Admitted *Pro Hac Vice*
rachel.hedley@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Telephone: (803) 255-5565

Kathryn Skagerberg

*Defendant LG Chem, Ltd.'s Objections to the Magistrate Judge's*
*September 25, 2023 Findings, Conclusions, and Recommendations*

Texas Bar No. 24058578
Federal ID No. 1121430
Kate.Skagerberg@nelsonmullins.com
Nelson Mullins Riley & Scarborough, LLP
5830 Granite Parkway, Suite 1000
Plano, TX 75024
P: (469) 484-6100
F: (615) 828-7217

**_Attorneys for Defendant LG Chem, Ltd._**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was electronically filed through the Court's CM/ECF system on October 10, 2023, which shall automatically send email notification of such filing to all CM/ECF participants.


By: *<u>/s/ Rachel Hedley</u>*
Rachel Hedley