UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONSTANTINO GEORGIOU, § <br> § <br> *Plaintiff*, § <br> § <br> V. § <br> § <br> SHORE POWER, INC. (D.B.A., § <br> BATTERY JUNCTION); LG § <br> CHEM, LTD., and DOES 1-50, § <br> § <br> *Defendants*. § | Civil Action No. 4:21-cv-00418-O |

**PLAINTIFF'S RESPONSE TO DEFENDANT LG CHEM, LTD.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S SEPTEMBER 25, 2023 FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Plaintiff Constantino Georgiou, by and through his undersigned counsel, hereby submits this Response to Defendant LG Chem, Ltd.'s ("LG Chem") Objections to the Magistrate Judge's September 25, 2023 Findings, Conclusions, and Recommendations. (Obj., ECF No. 112). In support of Plaintiff's Response in Opposition, he would show the following:

### INTRODUCTION

Plaintiff is a Texas resident who purchased a defective lithium-ion 18650 battery on the internet in Texas, used it in Texas, and was injured by it in Texas. After the battery exploded without warning in his pocket, causing him to suffer serious physical injuries, Plaintiff brought claims against LG Chem, the multinational corporation that designed, manufactured, sold, and placed the defective battery into the stream of commerce in the State of Texas.

1

As outlined in Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 73) and in two other cases regarding LG Chem's sale of 18650 batteries in Texas, LG Chem has continuously, systematically, and purposefully sold 18650 batteries to Texas customers and shipped its 18650 batteries into Texas, the same type of battery that injured the Plaintiff. The only jurisdictional defense that LG Chem has raised, and continues to raise in their objections to the Magistrate Judge's findings, is that it does not design, manufacture, distribute, advertise, or sell lithium-ion 18650 "for sale or use by consumers as standalone, replaceable batteries." This argument has recently been rejected by two different courts in Texas where LG Chem had been sued by consumers injured by 18650 batteries. *See LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341 (Tex. 2023); *Young v. LG Chem LTD*, No. MO:21-CV-00227-DC, 2023 WL 3077881 (W.D. Tex. Jan. 26, 2023).

Additionally, LG Chem's argument that Plaintiff did not exercise due diligence to perfect service on LG Chem is false. Both Plaintiff and LG Chem have identified the steps that Plaintiff took to effectuate service, and Plaintiff has kept the Court fully apprised of the service and the issues that arose with the company Plaintiff's counsel used to serve LG Chem, a foreign defendant, through the Hague Convention.

For all these reasons and all others contained herein, Plaintiff respectfully requests this Court to adopt the Magistrate's Report and Recommendation and deny LG Chem's objections.

I. **Magistrate Judge Ray Correctly Found That LG Chem Purposefully Availed Itself to Personal Jurisdiction in Texas.**

Plaintiff is not the first consumer of LG Chem's 18650 batteries to bring an action against LG Chem for injuries sustained from those batteries. In two other Texas-based cases, *LG Chem Am. Inc. v. Morgan* and *Young v. LG Chem LTD*, LG Chem attempted to make the same jurisdictional argument that it makes in this action – that because LG Chem did not ship 18650

batteries to Texas for use by individual consumers as standalone, replaceable batteries, there is no personal jurisdiction over LG Chem in this matter. It should be noted that in both of these cases and in this instant case, LG Chem is not denying that it does ship 18650 batteries to Texas. LG Chem has admitted, and the evidence shows, that LG Chem does ship these types of batteries to Texas. Instead, LG Chem is claiming that since it only ships the batteries directly to "sophisticated manufacturers" in Texas and does not ship directly to individual consumers, it has not availed itself of personal jurisdiction in Texas in a case brought by a consumer injured by its 18650 batteries. In both *Morgan* (decided by the Texas Supreme Court) and *Young* (decided by the Western District of Texas), this argument has been rejected.

As argued in the Amicus Curaie brief the State of Texas filed in *Morgan*, since no other state has any connection or nexus with the claims here, the furtherance of social policies weighs in favor of the Court finding that the exercise of personal jurisdiction over LG Chem is fair and reasonable. *See* Exhibit A to Declaration of Angela J. Nehmens in Support of Plaintiff's Response in Opposition to Mot. (ECF No. 73-1). As stated in the Court's decision in *Young*, "whether Plaintiff's product-liability claim arises out of or results from LG Chem's contacts is not a complicated question. LG Chem sold batteries into Texas; one of [those] batteries allegedly malfunctioned and caused Plaintiff's vape to explode in his pocket; the explosion injured Plaintiff." *Young*, 2023 WL 3077881 at *3.

But even if *Morgan* and *Young* did not exist, the conclusion that personal jurisdiction exists over LG Chem is clear from the case law established in *Ford*. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021). In *Ford*, the U.S. Supreme Court identified a straightforward rule governing personal jurisdiction in product liability actions: so long as a company "serves a market for a product in a State and that product causes injury in the State to

one of its residents, the State's courts may entertain the resulting suit." *Ford*, 141 S. Ct. at 1022. In *Luciano v. Sprayfoamploymers.com, LLC*, the Texas Supreme Court confirmed *Ford* meant what it said: "[i]t is sufficient that [the defendant] intended to serve a Texas market for the [product] that the [plaintiffs] alleged injured them." *Luciano*, 625 S.W.3d 1, 17 (Tex. 2021).

As outlined in Plaintiff's Opposition to Defendant's Motion to Dismiss, this case parallels the *Ford* case in every material way. In *Ford*, the manufacturer sold and shipped cars to the two states at issue. *Ford*, 141 S. Ct. at 1028. Here, LG Chem sells and ships 18650 batteries to Texas. In *Ford*, the same products shipped to the two states at issue malfunctioned in those states. *Ford*, 141 S. Ct. at 1028. Here, the product that LG Chem sells and ships to Texas malfunctioned in Texas. While it is true that the "relates to" language in *Ford* does not mean "anything goes," it is clear that the facts in this case closely resemble the facts in *Ford* and fulfill the requirements it outlines. *Id.* at 1026.

In their objections to the magistrate's findings, conclusions, and recommendations, LG Chem cites cases from other states where Courts found that LG Chem was not subject to personal jurisdiction in those particular states. Besides *Morgan* and *Young*, the only other case that they cite in Texas is *Ethridge v. Samsung SDI Co.*, 617 F. Supp.3d 638 (S.D. Tex. 2022). In this case, the court found that it did not have personal jurisdiction over Samsung in a case brought by a customer injured by an exploding battery in Texas. However, this case is an analysis of the business contacts of a different company, Samsung, in Texas and not an analysis of the business contacts of LG Chem. At this point, two other courts have examined the specific facts as to the business contacts of LG Chem in Texas and found that LG Chem has ". . . undisputedly sold and distributed model 18650 batteries in Texas, and they do not dispute that is the same model battery [the plaintiff in *Morgan*] alleges injured him in Texas" and that "there is no requirement for jurisdictional purposes

4

that the market segment the LG Chem defendants served be precisely the same one from which [the plaintiff in *Morgan*] purchased the battery." *Morgan*, 670 S.W.3d at 349.

### II. Magistrate Judge Ray Correctly Found That Plaintiff Exercised Due Diligence in Effectuating Service on LG Chem.

LG Chem's contention that the Plaintiff did not exercise diligence in perfecting service on LG Chem is false and misleading. It has been outlined in previous pleadings all of the ways that Plaintiff's counsel has kept this Court apprised of the difficulties it encountered with the service company in perfecting service on foreign defendants, LG Chem. These attempts can be substantiated through emails from Ms. Nehmens' email account with her prior firm. At the time of the writing of Plaintiff's Opposition to LG Chem's Motion to Dismiss, Plaintiff's counsel did not have access to those emails, and still does not have access. However, as also stated in Plaintiff's opposition, Plaintiff has no objection to the court issuing an order to Ms. Nehmens' prior firm to produce the emails. Plaintiff maintains that he does not have any objection to this Court issuing an order for those emails so that they can be produced to the Court.

### CONCLUSION

For all of the reasons contained herein, Plaintiff respectfully requests this Court adopt Magistrate Judge Ray's findings, conclusions, and recommendations.

Dated: October 24, 2023                                                  Respectfully submitted

/s/ Sara Craig

A. Craig Eiland
TX Bar No. 06502380
The Law Offices of Craig Eiland
1220 Colorado Street, Suite 300
Austin, TX 78701
Telephone: (409) 763-3260
Facsimile: (713) 513-5211

5

Sara Craig
CA Bar No. 301290
*Admitted Pro Hac Vice*
Peiffer Wolf Carr Kane Conway & Wise LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 766-3544
Facsimile: (415) 840-9435

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed through the Court's CM/ECF system on October 24, 2023, which shall automatically send email notification of such filing to all CM/ECF participants.

This is the 24th day of October 2023.  /s/ *Sara Craig*