IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONSTANTINO GEORGIOU, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-00418-O |
| | § | Jury Trial Demanded |
| SHORE POWER, INC (D.B.A., | § | |
| BATTERY JUNCTION); LG | § | |
| CHEM, LTD., and DOES 1-50, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT SHORE POWER, INC.'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

NOW COMES Defendant Shore Power, Inc. d/b/a Battery Junction ("Defendant" or "Shore Power") and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7 and 56 files this its Motion for Summary Judgment ("Motion") moving for summary judgment as to Counts One through Five of Plaintiff Constantino Georgiou's ("Plaintiff") Third Amended Complaint for Damages (ECF No. 64) ("Complaint"), and would show the Court that there is no genuine dispute as to the material facts foreclosing Plaintiff's claims and Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In support of this Motion, Defendant Shore Power files herewwith its Brief in Support and Appendix and would further respectfully show the Court as follows:

## SUMMARY

On March 17, 2019, Plaintiff was allegedly injured when an LG HG2 lithium-ion 18650 battery (the "Battery") exploded in his front right jeans pocket (the "Incident"). *See* Pl.'s 3rd Am. Compl. (ECF No. 64) ¶¶ 58–59; *see also* Ex. J (City of Southlake Police Report), App. 527–531.

1

At the time of the Incident, the Battery was not installed in any device and was being carried by Plaintiff loosely in his pants pocket with a metal coin—namely, a dime—contrary to the explicit warnings contained on the Battery's packaging. *See id.*; *see also* Ex. A (Decl. of E. Kravitz), App. 1–6 ¶ 12. In this action, Plaintiff has asserted claims against Shore Power, who he alleges sold him the Battery, and LG Chem, Ltd. ("LG"), who he alleges manufactured the Battery. *See* Pl.'s 3rd Am. Compl. (ECF No. 64) ¶¶ 67–116. Specifically, Plaintiff has asserted against both Defendants causes of action for: negligence ("Count One"), strict liability for manufacturing defect ("Count Two"), strict liability for marketing defect ("Count Three"), breach of implied warranty ("Count Four"), and violation of the Magnuson-Moss Act ("Count Five"). *See id.*

As to Defendant Shore Power, Counts One through Three of Plaintiff's Complaint are time barred by the two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also* Def.'s Answer & Affirm. Defs. (ECF No. 69) ¶ 143. The elements of a statute of limitations defense are met "[o]nce the defendant establishes that the plaintiff did not serve the complaint within the… limitations period." *Paredes v. City of Odessa*, 128 F.Supp.2d 1009, 1018 (W.D. Tex. 2000 (internal citations omitted). Here, Plaintiff erroneously sued and served Battery Junction Corporation (a separate and distinct entity unrelated to Defendant Shore Power) and failed to correct his error until well after the statute of limitations had already expired. *Compare* Pl.'s Orig. Compl. (ECF No. 1) *with* Pl.'s 2nd Am. Compl. (ECF No. 35); *see also* Ex. A (Decl. of E. Kravitz) ¶¶ 3–7. Further, Plaintiff's pleading error is one of misidentification—one in which the statute of limitations is not tolled. *See In re Greater Houston Orthopedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam). No exception can save this fact, and Defendant was placed at a clear disadvantage by Plaintiff's lack of diligence and failure to

give Shore Power timely notice of the claims asserted against it. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 6 (Tex. 1990).

Moving the Court further, Defendant Shore Power would show that all of Plaintiff's claims against Shore Power (a nonmanufacturing seller) are barred by Chapter 82 of the Texas Civil Practice and Remedies Code (the "Act"). *See* Tex. Civ. Prac. & Rem. Code 82.001 *et seq*.; *see also* Ex. A (Decl. of E. Kravitz) ¶ 14. Specifically, a nonmanufacturing seller is entitled to summary judgment under Chapter 82 of the Texas Civil Practice and Remedies Code when the plaintiff fails to establish one of the exceptions to nonliability set forth in Section 82.003(a). *See, e.g., Howard v. Lowe's Home Centers, LLC*, 306 F.Supp.3d 951, 955 (W.D. Tex. 2018). Here, Plaintiff has failed to plead or raise a genuine issue of material fact establishing any of the exceptions listed in Section 82.003(a). Tex. Civ. Prac. & Rem. Code § 82.003(a); *see also Gonzalez v. Reed-Joseph Int'l Co.*, No. 4:11-CV-01094, 2013 WL 1578475, at *4 (S.D. Tex. Apr. 11, 2013). Accordingly, Plaintiff's claims against Defendant Shore Power are barred by law.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that summary judgment be granted in its favor and that Plaintiff's claims against it be dismissed. Defendant further prays for all such other and further relief, in law or in equity, to which it may be entitled.

Dated: November 13, 2023.

Respectfully submitted,

*/s/ Kyle Voss*
Christopher J. Pruitt, Texas Bar No. 16368100
E-Service: cpruitt@brownpruitt.com
Kyle Voss, Texas Bar No. 24093310
E-Service: kvoss@brownpruitt.com

**BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.**
201 Main Street, Ste. 700
Fort Worth, Texas 76102
Telephone: (817) 338-4888
Facsimile: (817) 338-0700

– AND –

Charles W. "Chad" Fillmore, SBN 00785861
e-service: chad@fillmorefirm.com

**THE FILLMORE LAW FIRM, L.L.P.**
201 Main Street, Ste. 700
Fort Worth, Texas 76102
Telephone: (817) 332-2351
Facsimile: (817) 870-1859

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on all other counsel of record in this cause via the court's CM/ECF filing System on this the 13th day of November, 2023.

*/s/ Kyle Voss*
Christopher J. Pruitt/Kyle Voss