**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CONSTANTINO GEORGIOU,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-CV-00418-O** |
| | § | **Jury Trial Demanded** |
| **SHORE POWER, INC (D.B.A.,** | § | |
| **BATTERY JUNCTION); LG** | § | |
| **CHEM, LTD., and DOES 1-50,** | § | |
| | § | |
| *Defendants.* | § | |

<u>**DEFENDANT SHORE POWER, INC.'S BRIEF IN SUPPORT OF**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Respectfully submitted by:

Christopher J. Pruitt, SBN 16368100
e-service: cpruitt@brownpruitt.com
Kyle Voss, SBN 24093310
e-service: kvoss@brownpruitt.com

Charles W. "Chad" Fillmore, SBN 00785861
e-service: chad@fillmorefirm.com

**BROWN PRUITT WAMBSGANSS DEAN**
**FORMAN & MOORE, P.C.**
201 Main Street, Ste. 700
Fort Worth, Texas 76102
Telephone: (817) 338-4888
Facsimile: (817) 338-0700

**THE FILLMORE LAW FIRM, L.L.P.**
201 Main Street, Ste. 700
Fort Worth, Texas 76102
Telephone: (817) 332-2351
Facsimile: (817) 870-1859

**ATTORNEYS FOR DEFENDANT**
**SHORE POWER, INC.**

**ATTORNEYS FOR DEFENDANT**
**SHORE POWER, INC.**

## Table of Contents

Table of Contents ................................................................................................................ ii

Table of Authorities ........................................................................................................... iv

Defendant's Brief in Support of its Motion for Summary Judgment ................................ 1

   I.   Defendant's Motion for Summary Judgment Based on Statute of Limitations ................. 1

      A.  Relevant Factual and Procedural Background ................................................... 1

      B.  Argument and Authorities ................................................................................. 2

         1.  Summary judgment is appropriate to dispose of time-barred claims. ........................ 2

         2.  Plaintiff's state law tort claims are time-barred. ...................................................... 3

         3.  Plaintiff misidentified Defendant. ........................................................................... 4

         4.  No equitable doctrine saves Plaintiff's misidentification. ........................................ 7

         5.  Plaintiff failed to use diligence in effecting service. ................................................ 9

  II.  Defendant's Motion for Summary Judgment Based on the Texas Products Liability Act ................................................................................................................ 10

      A.  Relevant Factual Background ......................................................................... 10

      B.  Arguments and Authorities ............................................................................ 14

         1.  Summary judgment is appropriate when a plaintiff cannot make a sufficient showing of the elements of his claim. ..................................................................... 14

         2.  The Texas Products Liability Act limits the liability of nonmanufacturing sellers... 15

         3.  Plaintiff fails to plead or prove that any of the exceptions to Section 82.003(a) are applicable. .............................................................................................................. 17

            a.  Defendant did not participate in the design of the Battery. ................................... 17

            b.  Defendant did not alter or modify the Battery ...................................................... 17

            c.  Defendant did not install the Battery on another product. ..................................... 18

            d.  Defendant did not fail to adequately warn Plaintiff .............................................. 18

            e.  Defendant did not make any express factual representation about an aspect of the Battery that was incorrect .................................................................................... 19

f.    Defendant did not actually know of a defect to the Battery at the time it supplied the product ................................................................................................. 20

g.    The manufacturer of the Battery is not unavailable ............................................ 22

III.  Conclusion ..................................................................................................................... 23

## Table of Authorities

**Cases**

*Agar Corp., Inc. v. Electro Circuits Int'l, LLC*,
 580 S.W.3d 136 (Tex. 2019)..................................................................... 3

*Allen v. Bentley Labs., Inc.*,
 538 S.W.2d 857 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.).................................... 9

*Alonso v. Maytag Corp.*,
 356 F.Supp.2d 757 (S.D. Tex. 2005) ............................................................ 14

*Amazon.com, Inc. v. McMillan*,
 625 S.W.3d 101 (Tex. 2021)................................................................... 15

*Ayers v. Davidson*,
 285 F.2d 137 (5th Cir. 1960) ................................................................. 2

*Belleza-Gonzalez v. Villa*,
 57 S.W.3d 8 (Tex. App.—Houston [14th Dist.] 2001, no pet.)................................... 9

*Blythe v. Bumbo Int'l Trust*,
 2013 WL 6190284 (S.D. Tex. 2013) ............................................................ 20

*Boudreaux v. Swift Transp. Co.*,
 402 F.3d 536 (5th Cir. 2005) ................................................................. 14

*Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*,
 770 F.3d 322 (5th Cir. 2014) ................................................................. 20

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)........................................................................ 2, 14

*Chilkewitz v. Hyson*,
 22 S.W.3d 825 (Tex. 1999)................................................................. 4, 6

*Citigroup Inc. v. Federal Ins. Co.*,
 649 F.3d 367 (5th Cir. 2011) ................................................................. 2

*Clark v. Hawkins*,
 41 F.3d 664 (5th Cir. 1994) (per curiam).................................................... 4

*Cont'l S. Lines, Inc. v. Hilland*,
 528 S.W.2d 828 (Tex. 1975)................................................................. 4, 8

*Cooper Tire & Rubber Co. v. Mendez*,
 204 S.W.3d 797 (Tex. 2006)................................................................. 20

*Duckett v. City of Cedar Park*,
    950 F.2d 272 (5th Cir. 1992) ................................................................... 14

*Emerson Elec. Co. v. Johnson*,
    627 S.W.3d 197 (Tex. 2021)..................................................................... 20

*Enserch Corp. v. Parker*,
    794 S.W.2d 2 (Tex. 1990)................................................................. 5, 7, 8

*Erie R. Co. v. Tompkins*,
    304 U.S. 64 (1938) ...................................................................................... 3

*Flour Bluff Indep. Sch. Dist. v. Bass*,
    133 S.W.3d 272 (Tex. 2004) ...................................................................... 7

*Gant v. DeLeon*,
    786 S.W.2d 259 (Tex. 1990) ...................................................................... 3

*Gonzalez v. Phoenix Frozen Foods, Inc.*,
    884 S.W.2d 587 (Tex. App.—Corpus Christi 1994, no writ) ................... 9

*Gonzalez v. Reed-Joseph Int'l Co.*,
    2013 WL 1578475 (S.D. Tex. 2013) ........................................................ 17

*Guaranty Trust v. York*,
    326 U.S. 99 (1945)....................................................................................... 3

*Howell v. Coca–Cola Bottling Co.*,
    595 S.W.2d 208 (Tex. Civ. App.—Amarillo 1980, writ ref'd) ................. 8

*In re Atlas Tubular, LP*,
    296 S.W.3d 363 (Tex. App.—Corpus Christi 2009, orig. proceeding) [mand. denied].......... 14

*In re Greater Houston Orthopedic Specialists, Inc.*,
    295 S.W.3d 323 (Tex. 2009)....................................................................... 4

*Johnson v. Ford Motor Co.*,
    2022 WL 1471425 (N.D. Tex. 2022)........................................................ 18

*JSC Nizhnedneprovsky Tube Rolling Plant v. United Res., LP*,
    2016 WL 8921926 (Tex. App.—Corpus Christi 2016, no pet.) .............. 19

*Martinez v. Med. Depot, Inc.*,
    434 F.Supp.3d 537 (S.D. Tex. 2020) ....................................................... 17

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986).................................................................................. 14

*Matthews Trucking Co. v. Smith*,
  682 S.W.2d 237 (Tex. 1984) ................................................................................ 7

*Moreno v. Sterling Drug, Inc.*,
  787 S.W.2d 348 (Tex. 1990) ................................................................................ 3

*Myers v. Nash.*,
  464 F.App'x 348 (5th Cir. 2012) .......................................................................... 4

*Outlaw Lab., LP v. Shenoor Enter., Inc.*,
  371 F. Supp. 3d 355 (N.D. Tex. 2019) .............................................................. 19

*Paredes v. City of Odessa*,
  128 F.Supp.2d 1009 (W.D. Tex. 2000) ................................................................ 2

*Ramirez v. Electrolux Home Prods., Inc.*,
  2013 WL 12140295 (S.D. Tex. 2013) ................................................................ 20

*Reeves v. Sanderson Plumbing Prods., Inc.*,
  530 U.S. 133 (2000) ....................................................................................... 2, 14

*Rigo Manufacturing Co. v. Thomas*,
  458 S.W.2d 180 (Tex. 1970) ................................................................................ 9

*Sherman v. Shanghai First Meridian Int'l Trading Co.*,
  2008 WL 11391629 (S.D. Tex. 2008) ................................................................ 22

*U.S. v. Wheaten*,
  826 F.3d 843 (5th Cir. 2016) ............................................................................... 4

*Walker v. Armco Steel Corp.*,
  446 U.S. 740 (1980) ............................................................................................. 3

*West v. CONRAIL*,
  481 U.S. 35 (1987) ............................................................................................... 3

**Statutes**

28 U.S.C. § 2072 ........................................................................................................ 3

Tex. Civ. Prac. & Rem. Code § 16.003(a) .................................................................. 3

Tex. Civ. Prac. & Rem. Code § 82.001(2) ............................................................... 18

Tex. Civ. Prac. & Rem. Code § 82.001(3) ............................................................... 18

Tex. Civ. Prac. & Rem. Code § 82.003(a) ................................................... 16, 17, 19

Tex. Civ. Prac. & Rem. Code § 82.003(a)(1) ........................................................... 20

Tex. Civ. Prac. & Rem. Code § 82.003(a)(2) ...................................................................... 20

Tex. Civ. Prac. & Rem. Code § 82.003(a)(3) ...................................................................... 20

Tex. Civ. Prac. & Rem. Code § 82.003(a)(4) ...................................................................... 21

Tex. Civ. Prac. & Rem. Code § 82.003(a)(5) ...................................................................... 22

Tex. Civ. Prac. & Rem. Code § 82.003(a)(6) ...................................................................... 23

Tex. Civ. Prac. & Rem. Code § 82.003(a)(7) ...................................................................... 26

**Rules**

Fed. R. Civ. P. 56(a) ............................................................................................................... 2

Fed. R. Civ. P. 56(c) ............................................................................................................. 16

<u>**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**</u>

TO THE HONORABLE U.S. DISTRICT JUDGE REED O'CONNOR:

**I.      Defendant's Motion for Summary Judgment Based on Statute of Limitations**

**A.      Relevant Factual and Procedural Background**

Defendant Shore Power, Inc. d/b/a Battery Junction ("<u>Defendant</u>" or "<u>Shore Power</u>") is a Connecticut corporation with its principal offices located in Old Saybrook, Connecticut at 50 School House Road, Unit 2, Old Saybrook, Connecticut 06475. *See* Ex. A (Decl. of E. Kravitz), App. 1–6 ¶ 3; *see also* Ex. B (Conn. Sec'y of State Records), App. 42–50. Shore Power is a family-owned business and was founded in 2003 and incorporated in Connecticut in 2007. *See* Ex. A (Decl. of E. Kravitz) ¶ 3; *see also* Ex. A-1 (Cert. of Incorporation), App. 7–8. Since its founding, Shore Power has been continuously headquartered and operated in Middlesex County, Connecticut, and has done business under the duly registered trade name "Battery Junction." Ex. A (Decl. of E. Kravitz) ¶ 4. Since March 11, 2010, Shore Power has registered its trade name "Battery Junction" with the town of Old Saybrook, Connecticut. *Id.*; *see also* Ex. A-2 (Cert. of Adoption of Trade Name), App. 9.

Shore Power sells batteries, battery chargers, power & standards conversion kits, renewable energy products, and related accessories from numerous manufacturers. Ex. A (Decl. of E. Kravitz) ¶ 5. Shore Power sells its inventory online to governmental agencies, businesses, battery pack-makers, and other purchasers. *Id.*

This lawsuit arises out of an incident that occurred on March 17, 2019. *See* Pl.'s 3rd Am. Compl. (ECF No. 64) ¶ 59. Plaintiff Constantino Georgiou ("<u>Plaintiff</u>" or "<u>Mr. Georgiou</u>") claims that on December 8, 2018 he purchased a set of LG Chem, Ltd. ("<u>LG</u>") lithium-ion 18650 batteries from Defendant Shore Power, and then one of those batteries (the "<u>Battery</u>") exploded while he

was carrying it in his front pants pocket with a metal coin on March 17, 2019 (the "Incident"). *Id.* ¶ 58–59; *see also* Ex. J (City of Southlake Police Report), App. 527–531.

Plaintiff first brought claims against Defendant Shore Power on July 5, 2022—three years, three months, and eighteen days *after* the Incident. *See* Pl.'s 2nd Am. Compl. (ECF No. 35). Plaintiff's claims against Defendant Shore Power included state law tort claims of products liability and negligence. *Id.* at 16–21. Defendant Shore Power timely answered and asserted the affirmative defense of statute of limitations as to Plaintiff's state law tort claims. *See* Def.'s Answer & Affirm. Defs. (ECF No. 51) ¶ 142; (ECF No. 69) ¶ 143.

## B.    Argument and Authorities

### 1.    Summary judgment is appropriate to dispose of time-barred claims.

Summary judgment is appropriate when there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the motion for summary judgment is based on an affirmative defense, "the movant must establish all elements of the defense." *Citigroup Inc. v. Federal Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011).

"There is no question but that summary judgment procedure is proper if the claim asserted against the defendant is barred by the applicable statute of limitations." *Ayers v. Davidson*, 285 F.2d 137, 139 (5th Cir. 1960). The elements of a statute of limitations defense are met "[o]nce the defendant establishes that the plaintiff did not serve the complaint within the… limitations period." *Paredes v. City of Odessa*, 128 F.Supp.2d 1009, 1018 (W.D. Tex. 2000) (internal citations omitted). In reviewing the available evidence, the Court should give credence to the evidence supporting the moving party that is uncontradicted and unimpeached. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

   **2.      Plaintiff's state law tort claims are time-barred.**

   Federal courts sitting in diversity apply state substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also* 28 U.S.C. § 2072. Statute of limitations are substantive for purposes of the *Erie* doctrine. *Guaranty Trust v. York*, 326 U.S. 99, 110 (1945). When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether service must be effected within that period. *West v. CONRAIL*, 481 U.S. 35, 39 (1987). Rules that are integral to the statute of limitations, such as tolling and equitable estoppel, are treated as substantive under the *Erie* doctrine. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–53 (1980).

   Section 16.003(a) of the Texas Civil Practice and Remedies Code governs Plaintiff's state law tort claims and imposes a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) ("a person must bring suit for… personal injury… not later than two years after the day the cause of action accrues"). To "bring suit" within the two-year statute of limitations period prescribed by Section 16.003(a), a plaintiff must file suit within the applicable limitations period and must also use diligence to have the defendant served with process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).

   Generally, the statute of limitations begins to run immediately upon the accrual of a cause of action. *See Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 144 (Tex. 2019). Causes of action for personal injuries arising out of negligence and products liability claims accrue when the wrongful act causes injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Here, the statute of limitations began to run on Counts One through Three of Plaintiff's Complaint on March 17, 2019 (the date of injury) and expired on March 17, 2021. *See* Pl.'s 3rd

Am. Compl. (ECF No. 64) ¶ 59; *see also* Tex. Civ. Prac. & Rem. Code § 16.003(a). The record confirms that the first pleading brought by Plaintiff that included Defendant Shore Power as a party was filed on July 5, 2022. *Compare* Pl.'s 1st Am. Compl. (ECF No. 27) *with* Pl.'s 2nd Am. Compl. (ECF No. 35). Accordingly, Plaintiff's state law claims against Defendant Shore Power are time-barred and should be dismissed. *See Clark v. Hawkins*, 41 F.3d 664 (5th Cir. 1994) (per curiam).

>    **3.**   **Plaintiff misidentified Defendant.**

"The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975). The statute of limitations is subject to equitable tolling in "rare and exceptional circumstances," principally where one party is actively misled by the other or is prevented in some extraordinary way from asserting his rights. *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." *Myers v. Nash.*, 464 F.App'x 348, 349 (5th Cir. 2012) (internal citations omitted).

Misidentification is insufficient to toll the statute of limitations. *See Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999). "Misidentification—the consequences of which are generally harsh—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *In re Greater Houston Orthopedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam); *see Chilkewitz*, 22 S.W.3d at 828. In contrast, "[a] misnomer occurs when a party misnames itself or another party, but the correct parties are involved." *Id.* "If, however, the plaintiff is mistaken as to which of two defendants is the correct

one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and limitations is not tolled." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5 (Tex. 1990).

On March 10, 2021, Plaintiff filed this action against two entities: LG and "Battery Junction Corporation." Pl.'s Orig. Compl. (ECF No. 1) ¶ 2. At all times relevant, Battery Junction Corporation was a Delaware corporation wholly separate and unrelated to Defendant Shore Power, a Connecticut-based corporation. *Compare id. with* Ex. A (Decl. of E. Kravitz) ¶¶ 3–6; *see also* Ex. F (Del. Sec'y of State Records), App. 81. There has never existed any relationship between the two entities. Ex. A (Decl. of E. Kravitz) ¶ 6. Therefore, the case before this Court is one of misidentification, not misnomer. *See Enserch Corp.*, 794 S.W.2d at 5.

Plaintiff's misidentification continued through his March 21, 2022 First Amended Complaint (*more than three years after the Incident*) which again misidentified Battery Junction Corporation (a Delaware Corporation) as a defendant. *See* Pl.'s 1st Am. Compl. (ECF No. 27) ¶¶ 2–3. Because Plaintiff failed to exercise diligence in effecting service of process within thirty days as directed by the Court (ECF No. 24), the Court ordered Plaintiff to provide proof of proper service by or before June 17, 2022. *See* Order (ECF No. 30). Plaintiff then asked for and was granted an additional extension, until July 5, 2022, to file proof of service. *See* Order (ECF No. 32).

On June 30, 2022 (*more than three years and three months after the Incident*), Plaintiff filed a second Motion for Leave to Amend His Complaint (ECF No. 33), claiming as follows:

> In researching the status of service against Battery Junction, Plaintiff learned on June 9, 2022, that Battery Junction Corporation may not have appeared because it is not the name of the entity operating the website www.batteryjunction.com. Instead, Plaintiff learned that Shore Power, Inc. does business as ("dba") Battery Junction.

5

**Battery Junction Corporation and Shore Power, Inc., dba Battery Junction, are not the same entities and do not appear connected in any way. Battery Junction Corporation was incorporated in Delaware while Shore Power Inc., is incorporated in Connecticut.**

…

**Shore Power Inc. was only now identified as the name for the entity responsible for operating the website at issue because a detailed Westlaw search yielded Shore Power, Inc. as the correct legal name of the corporation operating Battery Junction.** Plaintiff has confirmed this with the Connecticut Secretary of State's listings: that Shore Power, Inc., is the correct business entity to be named as the responsible party for www.batteryjunction.com.

As such, Plaintiff files for leave to amend its operative complaint pursuant to the Misnomer Rule and requests the Court to enter the instanter Second Amended Complaint, which correctly names the relevant entity, Shore Power, Inc. dba Battery Junction, and also removes Battery Junction Corporation from its caption and allegations, instead adding the correct allegations against Shore Power, Inc.

…

**It was not until June 9, [2022], when Plaintiff …realized the name for Battery Junction's website, was incorrectly alleged in the operative pleading as Battery Junction Corporation, not Shore Power Inc, which dba as Battery Junction**…. **[T]his amendment should be allowed as it is imperative to cure the service issues and resolve the previously filed default in this case against Battery Junction Corporation, which should have been named as Shore Power, Inc. dba Battery Junction**.

Pl.'s Mot. for Leave to Am. Compl. (ECF No. 33), at 2–3, 7.

Two things are important here. First, what Plaintiff is describing is a clear case of misidentification—one in which the statute of limitations is not tolled to accommodate the pleading errors. *See Chilkewitz*, 22 S.W.3d at 830.

Second, Plaintiff's representation to the Court that he first learned of Defendant Shore Power's true identity on June 9, 2022 is false. *See* Pl.'s Mot. for Leave to Am. Compl., Ex. "2"

(ECF No. 33-2), at 20. Plaintiff acknowledges in his Motion for Leave that in an earlier action Plaintiff filed in Georgia (the "<u>Georgia Lawsuit</u>") against LG and LG Chem America, Inc. ("<u>LGAI</u>") *only*,[1] LG served a subpoena on "Shore Power dba Battery Junction" on December 23, 2020. *See id.* (ECF No. 33), at 6 n.1; *see also* Ex. C (Pl.'s Orig. Compl. in N.D. Ga. Case), App. 51–65; Ex. D (Dkt. Report in N.D. Ga. Case), App. 66–72; Ex. E (Order on Mot. to Dismiss in N.D. Ga. Case), App. 73–80. Indeed, the Georgia Lawsuit subpoena cited by Plaintiff specifically identifies and is directed to "**Shore Power, Inc. d/b/a/ BatteryJunction.com or Battery Junction**, located online and in Old Saybrook, Connecticut, and its owners or officers, including Eileen Kravitz and Matthew Kravitz." *Id.* (ECF No. 33-2), at 10. Plaintiff cannot truthfully claim that he was unaware of "Shore Power dba Battery Junction" prior to June 9, 2022.[2] Plaintiff's error is a classic case of misidentification.

### 4. No equitable doctrine saves Plaintiff's misidentification.

As an exception to the misidentification doctrine, courts have sometimes tolled the statute of limitations in cases of misidentification when the record reflects that there exists (1) a "special relationship" between the two defendants such that (2) the added defendant "was aware of the facts," and (3) "not misled, and not disadvantaged in preparing a defense." *Enserch Corp.,* 794 S.W.2d at 6; *see also Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004). But this exception will not toll limitations absent a business relationship between the erroneously named defendant and the correct defendant. *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984).

A "special relationship" requires that the two entities be "so intertwined that suit against

---

[1] Shore Power was never a party to Plaintiff's Georgia Lawsuit.

[2] The subpoena to Shore Power contains a certificate of service confirming LG's electronic service upon Plaintiff's counsel on December 23, 2020. *See* Pl.'s Mot. for Leave to Am. Compl., Ex. "2" (ECF No. 33-2), at 20.

the first corporation gave the second corporation notice of, and a reasonable opportunity to defend the case." *Howell v. Coca–Cola Bottling Co.*, 595 S.W.2d 208, 212 (Tex. Civ. App.—Amarillo 1980, writ ref'd). Here, no "special relationship" between Battery Junction Corporation and Defendant Shore Power has ever existed. *See* Ex. A (Decl. of E. Kravitz) ¶ 6. Indeed, there has been *no* relationship of any kind between Battery Junction Corporation and Defendant. *Id*. The exception cannot be applied for this reason alone. *See Enserch Corp.,* 794 S.W.2d at 6.

Further, the service of Battery Junction Corporation did not apprise Defendant Shore Power that Plaintiff was asserting a claim against it. *Id*. Rather, Defendant did not become aware of any claims made against it until three years, three months, and twenty-one days after the Incident. *Id*. ¶ 6; *see also* Pl.'s Proof of Serv. of Summons & Compl. (ECF No. 38).

In addition, Plaintiff's lack of diligence in bringing his claims against Defendant Shore Power disadvantaged and deprived Defendant of the "fair opportunity to defend [itself] while witnesses are available and the evidence is fresh in their minds." *See Hilland*, 528 S.W.2d at 831. Importantly, Plaintiff disposed of the packaging and the warnings that accompanied the Battery and now cannot recall important details regarding his order from Shore Power, the Battery, the packaging accompanying the Battery, his use and storage of the Battery, and his history of vaping and e-cigarette use. *See* Ex. G (Pl.'s Dep. 138:2–140:12), App. 82–431. In his deposition, Plaintiff testified that he now does not remember: (i) how the Battery was packaged; (ii) how many battery cells he purchased; (iii) what portions of Defendant's website he viewed; (iv) whether he viewed any warnings on Defendant's website; (v) the warnings and documentation that accompanied the Battery; and (vi) important details regarding his purchase and use of multiple vape devices and multiple lithium-ion batteries acquired from other sources. *Id.* at 138:2–140:12, 240:12–241:22, 258:7–261:23, 266:11–270:11.

8

In addition to Plaintiff's lack of recall, Plaintiff and LG's expert witnesses conducted inspections and testing of the Battery and related items—including destructive testing of the Battery—well before Defendant's involvement in the case. *See* Ex. K (Dr. Hayes Supp. Expert Report), App. 532–625, at 34; *see also* Ex. H (Dr. Yuan Expert Reports), App. 432–468; Ex. I (Dr. Hayes Expert Report), App. 469–526. Further, Defendant Shore Power ceased selling LG HG2 Batteries (the same type of battery as the subject Battery) in April 2021 and therefore no longer has access to exact exemplars of the Battery and accompanying packaging. Ex. A (Decl. of E. Kravitz) ¶ 17.

In sum, Plaintiff sued the wrong party and did not bring his state law tort claims against Defendant Shore Power until the statute of limitations had long expired. Plaintiff's state law tort claims against Defendant are therefore time-barred and there is no exception to this reality.

### 5.     Plaintiff failed to use diligence in effecting service.

Any attempt by Plaintiff to argue that his pleading error constitutes misnomer instead of misidentification is futile. However, in the unlikely event that the Court believes that Plaintiff merely misnamed Defendant in his Original Complaint, Plaintiff cannot avail himself of the the doctrine of equitable tolling because—as discussed above—he failed to exercise due diligence in serving Defendant Shore Power. *See Rigo Manufacturing Co. v. Thomas*, 458 S.W.2d 180, 181–182 (Tex. 1970). When a plaintiff files a petition within the limitations period but does not serve the defendant until after the statutory period has expired, the date of service will not relate back to the date of filing if the plaintiff fails to exercise diligence in effecting service. *See id.*

Several Texas courts have held that delays of more than a few months from the time of filing a lawsuit to the time of service of citation negate due diligence as a matter of law. *See, e.g., Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 11–12 (Tex. App.—Houston [14th Dist.] 2001, no pet.)

(eight month delay); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ) (five month delay); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 860 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) (six month delay).

As recited above, Plaintiff claims to have first learned of the true nature of Defendant on June 9, 2022 via Westlaw search. *See* Pl.'s Mot. for Leave to Am. Compl. (ECF No. 33), at 3. Taken as true, this would mean that Plaintiff sat on his legal rights for more than one year and two months after his initial filing before conducting a Westlaw search, amending his pleadings, and diligently seeking to serve Defendant Shore Power. *Compare id. with* Pl.'s Orig. Compl. (ECF No. 1). This is not diligence.

## II.     Defendant's Motion for Summary Judgment Based on the Texas Products Liability Act

### A.     Relevant Factual Background

Plaintiff alleges that "on or around December 8, 2018" he "purchased the subject battery from Defendant Shore Power." *See* Pl.'s 3rd Am. Compl. (ECF No. 64) ¶ 58. Although it is not clear from the evidence presently available whether the Battery that exploded actually came from Shore Power, Defendant's records confirm that on December 8, 2018, Plaintiff ordered a bundle of four LG HG2 INR 18650 3000mh 3.7V Unprotected High-Drain 20A Lithium Manganese Flat Top Batteries (the "HG2 Batteries") from www.batteryjunction.com. Ex. A (Decl. of E. Kravitz) ¶ 9; *see also* Ex. A-5 (Sales Receipt), App. 25; Ex. A-6 (Order Details), App. 26–27.

On December 9, 2018, Defendant Shore Power shipped the four LG HG2 Batteries to Plaintiff in a padded manila envelope with labels on the envelope warning that the package included "Lithium Ion cells," "must be handled with care," and posed a "flammability hazard." *See* Ex. A (Decl. of E. Kravitz) ¶ 11; *see also* Ex. A-8 (Photos of Shipping Labels), App. 29–30. Inside the padded manila envelope, the four LG HG2 Batteries were packaged in the same manner

as provided to Defendant by the supplier of the HG2 Batteries, Shenzhen IMR Technology Co. Ltd. d/b/a IMREN ("IMREN"), in two outer boxes (as depicted on SHORE POWER 00050) each containing two inner boxes (as depicted on SHORE POWER 00049) with the individual battery cells. Ex. A (Decl. of E. Kravitz) ¶ 11; *see also* Ex. A-4 (Photos of Packaging), App. 23–24; *see also* Ex. A-9 (Emails with IMREN), App. 31–33. As depicted below, the two outer boxes containing the HG2 Batteries shipped to Plaintiff warned Plaintiff in words and imagery: "**DANGER** … **TO AVOID SERIOUS INJURY AND BURNS, ALWAYS KEEP BATTERIES AWAY FROM CONTACT WITH METALS, AND KEEP IN A PLASTIC CASE** … **ALWAYS STORE IN PLASTIC CASE**". Ex. A (Decl. of E. Kravitz) ¶ 12. See below:



Ex. A-4 (Photos of Packaging). The four inner boxes containing the HG2 Batteries shipped to

Plaintiff similarly warned Plaintiff as follows:

> Do not use the battery if battery's wrapper is damaged. Battery may explode or catch fire if mistreated. Do not disassemble, puncture, cut, crush, short-circuit, incinerate, or expose to water, fire, or high temperatures above **100°C** or **212°F**. **Please do not keep your battery in a pocket purse, or other receptable containing metal objects to avoid shortcircuit.**

Ex. A ¶ 12 (emphasis added). See below:



Ex. A-4 (Photos of Packaging).

Notably, the subject HG2 Batteries and the packaging depicted above were supplied to

Defendant Shore Power by IMREN and were never repackaged, altered, or modified by Defendant.

Ex. A (Decl. of E. Kravitz) ¶ 11; *see also* Pl.'s 3rd Am. Compl. (ECF No. 64) ¶ 26. The HG2

Batteries were always shipped by Shore Power to purchasers, including Plaintiff, in the same

packaging as depicted and discussed above. Ex. A (Decl. of E. Kravitz) ¶ 11; *see also* Ex. A-9

(Emails with IMREN). Although Plaintiff initially testified in his deposition ("to the best of my

recollection") that no warnings or instructions accompanied the HG2 Batteries, under further

examination he conceded that warning labels "could have been" affixed to the packaging received,

but that he didn't "remember seeing any." Ex. G (Pl.'s Dep. 240:12–241:22), App. 82–431. He

also testified that after opening the packaging containing the HG2 Batteries, he just disposed of the packaging in the "regular trash." *Id.* (Pl.'s Dep. 140:21-141:9). Further illustrating Plaintiff's lack of recall, he testified that he only received two, not four HG2 Batteries although Plaintiff clearly ordered and paid for four batteries. Compare *id.* (Pl.'s Dep. 258:2-259:20) *with* Ex. A-6 (Order Details).

In his deposition, Plaintiff testified that after he received the HG2 Batteries, as was his custom when vaping, he would use one of the battery cells with his vape device and carry another battery cell loosely in his "pocket." *Id.* (Pl.'s Dep. 57:18-58:11). Importantly, he testified that prior to the Incident, he did not have "any problems at all" with the Battery and "it worked fine." *Id.* (Pl.'s Dep. 152:16-153:1). On the morning of the Incident, Plaintiff testified that he left his vaping device in his car and placed the Battery in his "pocket" along with "a dime." *Id.* (Pl.'s Dep. 176:24-177:20).[3]

As to the cause of the Incident, Plaintiff's testifying expert, Dr. Rong Yuan, concluded in her December 1, 2020 report as follows:

> Mr. Georgiou purchased two authentic LG HG2 battery cells from Shore Power around the end of 2018 for vaping purposes. **About three months later, on March 17th, 2019, one of the LG HG2 battery cells shorted due to contact with a dime and exploded in Mr. Georgiou's right front jeans pocket, resulting in third-degree burn injuries**.

Ex. H (Dr. Yuan Expert Reports), at 11 (emphasis added). In his deposition, Plaintiff further confirmed Dr. Yuan's recitation of the singular cause of the Incident—a short-circuit of the Battery with a dime carried in his pocket. *See* Ex. G (Pl.'s Dep. 248:4–251:13). The March 17, 2019

---

[3] Notably, Plaintiff did not remember if anything else was also in his pocket at the time of the Incident, but his wife, Mary Georgiou, testified that Plaintiff might also have been carrying keys in his pocket at the time of the Incident. *See* Ex. G (Pl.'s Dep. 177:21–178:2); Ex. L (M. Georgiou's Dep. 56:17–57:1), App. 626–772.

Southlake Police Department report further verifies that the Incident originated from "a lithium battery exploding in his [Plaintiff's] pants pocket" and confirms that "the battery was not inside the electronic cigarette at the time of the explosion" but had "a burned up dime attached to it." Ex. J (City of Southlake Police Report).

**B.    Arguments and Authorities**

**1.    Summary judgment is appropriate when a plaintiff cannot make a sufficient showing of the elements of his claim.**

The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322; *see also* Fed. R. Civ. P. 56(c). To establish the existence of a "genuine dispute" as to an essential element of their case, the non-movant "must do more than simply show there is some metaphysical doubt as to the material facts" but rather must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citations omitted). In reviewing the available evidence, the Court should give credence to the evidence supporting the moving party that is uncontradicted and unimpeached. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

A nonmanufacturing seller is entitled to summary judgment under Chapter 82 of the Texas Civil Practice and Remedies Code (the "Act") when the plaintiff fails to establish one of the exceptions to nonliability. *See, e.g., Howard v. Lowe's Home Centers, LLC*, 306 F.Supp.3d 951, 955 (W.D. Tex. 2018). Indeed, it is the plaintiff bringing the products liability claim who has the burden to establish an exception to the nonmanufacturing seller's statutory protection. *See* Tex. Civ. Prac. & Rem. Code § 82.003(a); *see also In re Atlas Tubular, LP*, 296 S.W.3d 363, 365 (Tex. App.—Corpus Christi 2009, orig. proceeding [mand. denied]).

A defendant moving for dismissal of the claims against it may simply point to an absence of evidence to support the nonmoving party's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita*, 475 U.S. at 585–87.

### 2.     The Texas Products Liability Act limits the liability of nonmanufacturing sellers.

The Texas Products Liability Act sets forth limited grounds for recovery against a nonmanufacturing seller in a products liability action. *See* Tex. Civ. Prac. & Rem. Code § 82.003(a); *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 109 (Tex. 2021). The Act is a liability-restricting statute, limiting the circumstances under which a nonmanufacturing seller may be liable to a claimant. *See id.*

A "products liability action" is one "against a manufacturer or seller for recovery of damages arising out of personal injury… caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code § 82.001(2). Here, Plaintiff seeks recovery of personal injury damages allegedly resulting from a defective Battery. *See* Pl.'s 3rd Am. Compl. (ECF. No. 64) ¶¶ 52, 58–66. Accordingly, the Act governs Plaintiff's claims.

A seller, for purposes of the Act, is defined as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." Tex. Civ. Prac. & Rem. Code § 82.001(3). Here, Plaintiff contends that he "purchased the subject battery from Shore Power's online store," and notes that "[IMREN] sold the battery…to the retailer from whom Plaintiff purchased the battery, Shore Power." Pl.'s 3rd Am. Compl. (ECF. No. 64) ¶¶ 14, 19. Accordingly,

Defendant Shore Power is a "seller" as defined by the Act. *See* Tex. Civ. Prac. & Rem. Code § 82.001(3).

Plaintiff identifies LG as the manufacturer of the subject Battery. *See* Pl.'s 3rd Am. Compl. (ECF. No. 64) ¶ 7. Under the Act, a nonmanufacturing seller of a product is not liable for harm caused by that product unless the claimant pleads and proves at least one of seven statutory exceptions in Section 82.003(a) of the Texas Civil Practice and Remedies Code:

> (1) that the seller participated in the design of the product;
>
> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
>
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
>
> (4) that:
>
>> (A)  the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>>
>> (B)  the warning or instruction was inadequate; and
>>
>> (C)  the claimant's harm resulted from the inadequacy of the warning or instruction;
>
> (5) that:
>
>> (A)  the seller made an express factual representation about an aspect of the product;
>>
>> (B)  the representation was incorrect;
>>
>> (C)  the claimant relied on the representation in obtaining or using the product; and
>>
>> (D)  if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
>
> (6) that:

16

(A)  the seller actually knew of a defect to the product at the time the seller supplied the product; and

(B)  the claimant's harm resulted from the defect; or

(7) that the manufacturer of the product is:

(A)  insolvent; or

(B)  not subject to the jurisdiction of the court.

Tex. Civ. Prac. & Rem. Code § 82.003(a); *see also Martinez v. Med. Depot, Inc.*, 434 F.Supp.3d 537 (S.D. Tex. 2020). Where the plaintiff has not proven one of the exceptions in Section 82.003(a), a court cannot consider an otherwise valid claim under Texas law, such as negligence or breach of implied warranty. *Gonzalez v. Reed-Joseph Int'l Co.*, No. 4:11-CV-01094, 2013 WL 1578475, at *4 (S.D. Tex. 2013).

### 3.  Plaintiff fails to plead or prove that any of the exceptions to Section 82.003(a) are applicable.

#### a.  Defendant did not participate in the design of the Battery.

Section 82.003(a)(1) provides a basis for liability for a nonmanufacturing seller where "the seller participated in the design of the product." Tex. Civ. Prac. & Rem. Code § 82.003(a)(1). However, Defendant Shore Power did not participate in the design of the Battery. Ex. A (Decl. of E. Kravitz) ¶ 14. Plaintiff does not contradict this fact, and testified in his deposition that he was unaware of Shore Power ever participating in the design of the Battery. *See* Ex. G (Pl.'s Dep. 237:7–238:11), App. 82–431; *see also* Ex. O (Pl.'s ROGs Answers to Def.), App. 796–814; Ex. P (Pl.'s RFA Responses to Def.), App. 815–828. Plaintiff cannot avail himself of this exception.

#### b.  Defendant did not alter or modify the Battery.

Section 82.003(a)(2) imposes potential liability on a nonmanufacturing seller where "the seller altered or modified the product and the claimant's harm resulted from that alteration or

17

modification." Tex. Civ. Prac. & Rem. Code § 82.003(a)(2). Here, Defendant Shore Power did not alter or modify the Battery in any manner. Ex. A (Decl. of E. Kravitz) ¶ 14. Indeed, Plaintiff contends that "[a]t the time of the incident, the subject battery was in the same condition as when introduced into the stream of commerce…" *See* Pl.'s 3rd Am. Compl. (ECF. No. 64) ¶ 85. Plaintiff also testified in his deposition that he had no information supporting this exception. *See* Ex. G (Pl.'s Dep. 238:15–24); *see also* Ex. O (Pl.'s ROGs Answers to Def.); Ex. P (Pl.'s RFA Responses to Def.). Plaintiff cannot avail himself of this exception.

### c.   Defendant did not install the Battery on another product.

Section 82.003(a)(3) imposes potential liability on a nonmanufacturing seller where "the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product." Tex. Civ. Prac. & Rem. Code § 82.003(a)(3). Defendant Shore Power did not install the Battery on another product.  Ex. A (Decl. of E. Kravitz) ¶ 14. Plaintiff does not allege that Defendant Shore Power installed the Battery on another product, nor does he have any evidence to support such a claim. *See* Pl.'s 3rd Am. Compl. (ECF. No. 64); *see also* Ex. O (Pl.'s ROGs Answers to Def.); Ex. P (Pl.'s RFA Responses to Def.). In fact, Plaintiff testified that he is not making any claim that Defendant Shore Power installed the Battery in his e-cigarette or vape device. *See* Ex. G (Pl.'s Dep. 238:25–239:3). Plaintiff cannot avail himself of this exception.

### d.   Defendant did not fail to adequately warn Plaintiff.

Section 82.003(a)(4)(A)–(C) imposes potential liability on a nonmanufacturing seller where "(A) the seller exercised substantial control over the content of a warning or instruction *that accompanied the product*; (B) the warning or instruction was inadequate; *and* (C) the claimant's harm resulted from the inadequacy of the warning or instruction." Tex. Civ. Prac. & Rem. Code §

82.003(a)(4)(A)–(C) (emphasis added).

When a plaintiff fails to allege that a nonmanufacturing defendant exercised substantial control over the relevant warnings, this exception does not apply. *Johnson v. Ford Motor Co.*, No. 5:21-CV-023-H, 2022 WL 1471425, at *5 (N.D. Tex. 2022). As a threshold matter, this exception does not apply because Plaintiff has not made this allegation against Defendant Shore Power. *See* Pl.'s 3rd Am. Compl. (ECF No. 64); *see also* Ex. O (Pl.'s ROGs Answers to Def.); Ex. P (Pl.'s RFA Responses to Def.). Moreover, Defendant Shore Power did not exercise substantial control over the content of any warning or instruction that accompanied the Battery by way of its packaging or wrapper. Ex. A (Decl. of E. Kravitz) ¶ 14. The uncontradicted evidence shows that the warnings accompanying the products were supplied by IMREN, LG, or others. *See id.* ¶¶ 11, 14 Additionally, Plaintiff has not pleaded and cannot prove subparagraphs (B) or (C) of the exception either.[4] Plaintiff cannot avail himself of this exception.

> **e.     Defendant did not make any express factual representation about an aspect of the Battery that was incorrect.**

Section 82.003(a)(5) imposes potential liability on a nonmanufacturing seller where "(A) the seller made an express factual representation about an aspect of the product; (B) the representation was incorrect; (C) the claimant relied on the representation in obtaining or using the product; *and* (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm." Tex. Civ. Prac. & Rem. Code § 82.003(a)(5) (emphasis added).

Courts apply Section 82.003(a)(5) where a seller made a specific representation about a

---

[4] Plaintiff himself admits that the warnings that Shore Power attested accompanied the product were "adequate". Ex. G (Pl.'s Dep. 240:12–241:22; 245:20–246:10). Plaintiff also admits that, had he read or adhered to IMREN's warnings contained on the Battery's packaging, he would not have put the Battery in his pocket with a coin or other metals. *See id.* (Pl.'s Dep. 247:17–248:3).

product's capabilities or quality. *See, e.g., JSC Nizhnedneprovsky Tube Rolling Plant v. United Res., LP*, No. 13-15-00151-CV, 2016 WL 8921926, at *9 (Tex. App.—Corpus Christi 2016, no pet.) (seller represented that a pipe was of a specific grade); *see also Howard*, 306 F.Supp.3d at 959. Sellers who merely display and sell products cannot be held liable for false advertising. *Outlaw Lab., LP v. Shenoor Enter., Inc.*, 371 F. Supp. 3d 355, 368 (N.D. Tex. 2019).

Here, Plaintiff does not allege Section 82.003(a)(5) as a ground for liability. *See* Pl.'s 3rd Am. Compl. (ECF No. 64); *see also* Ex. O (Pl.'s ROGs Answers to Def.); Ex. P (Pl.'s RFA Responses to Def.).  Moreover, Plaintiff testified that he does not recall whether Defendant Shore Power made any express factual representations concerning the Battery or whether Shore Power represented any aspect of the Battery inaccurately. *See* Ex. G (Pl.'s Dep. 251:14–252:9). Nor does Plaintiff explain how he relied on any such representation. *See id.*; *see also Ramirez v. Electrolux Home Prods., Inc.*, No. L-13-139, 2013 WL 12140295, at *2–3 (S.D. Tex. 2013) (plaintiff did not allege any of the elements of Section 82.003(a)(5)). Plaintiff cannot avail himself of this exception.

### f.   Defendant did not actually know of a defect to the Battery at the time it supplied the product.

Section 82.003(a)(6) imposes potential liability on a nonmanufacturing seller where "(A) the seller actually knew of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from the defect." Tex. Civ. Prac. & Rem. Code § 82.003(a)(6). "[T]he statute makes clear that the seller must have actual knowledge, not just constructive knowledge, of an alleged defect." *Blythe v. Bumbo Int'l Trust*, No. 6:12-CV-36, 2013 WL 6190284, at *5 (S.D. Tex. 2013), aff'd, 634 F. App'x 944 (5th Cir. 2015). A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 326 (5th Cir. 2014). A design defect exists when a product is

defectively designed so as to render it unreasonably dangerous. *Emerson Elec. Co. v. Johnson*, 627 S.W.3d 197, 203 (Tex. 2021).

Here, Plaintiff has not alleged Defendant Shore Power's liability under Section 82.003(a)(6). *See* Pl.'s 3rd Am. Compl. (ECF No. 64); *see also* Ex. O (Pl.'s ROGs Answers to Def.); Ex. P (Pl.'s RFA Responses to Def.). Moreover, there is no evidence supporting the application of this exception. In any event, the Incident occurred not from a manufacturing or design defect rendering the Battery unreasonably dangerous, but from Plaintiff's intentional and unilateral misuse of the Battery contrary to IMREN's express warnings that accompanied the Battery, which are depicted below:





*See* Ex. A-4 (Photos of Packaging); Ex. M (Dr. Stichter Expert Reports), App. 773–785; Ex. N (Dr. Vredenburgh Expert Report), App. 786–795. As Plaintiff's own expert opines, the cause of the Incident was Plaintiff putting the Battery in his pocket with a dime. *See* Ex. H (Dr. Yuan Expert Report), at 11; *see also* Ex. J (City of Southlake Police Report). Plaintiff cannot avail himself of this exception.

### g. The manufacturer of the Battery is not unavailable.

Section 82.003(a)(7) imposes potential liability on a nonmanufacturing seller where "the manufacturer of the product is: (A) insolvent; or (B) not subject to the jurisdiction of the court." Tex. Civ. Prac. & Rem. Code § 82.003(a)(7). The Act does not place the burden on the party moving for summary judgment to demonstrate the manufacturer's solvency or susceptibility to jurisdiction. *See Sherman v. Shanghai First Meridian Int'l Trading Co.*, No. CV H-07-0050, 2008 WL 11391629, at *3 (S.D. Tex. 2008), report and recommendation adopted, No. CV H-07-0050, 2008 WL 11391630 (S.D. Tex. 2008). The moving party need simply point out an absence of evidence in the record demonstrating the opposite. *Id.*

Here, Plaintiff has not alleged that the manufacturer of the Battery is either insolvent or not subject to the jurisdiction of the Court. *See* Pl.'s 3rd Am. Compl. (ECF No. 64). In fact, it is

undisputed that LG is solvent, and the Court has denied LG's objections to personal jurisdiction. *See* Order Accepting Mag. Findings (ECF No. 126). Plaintiff cannot avail himself of this exception.

### III.   Conclusion

Each of the above legal and factual arguments are, independently, sufficient grounds to grant summary judgment as to the respective causes of action to which they are addressed. One or more of the essential elements of Plaintiff's causes of action are conclusively negated by Defendant Shore Power's competent summary judgment evidence, and Plaintiff cannot prove the existence of all essential elements on his claims, which Plaintiff bears the burden to prove.

WHEREFORE, PREMISES CONSIDERED, Defendant Shore Power respectfully requests that the Court grant its Motion for Summary Judgment and dismiss with prejudice Plaintiff's causes of action against Defendant Shore Power, and prays for all such other and further relief, in law or in equity, to which Defendant is entitled.

Dated: November 13, 2023.

Respectfully submitted,

*/s/ Kyle Voss*
Christopher J. Pruitt, Texas Bar No. 16368100
e-service: cpruitt@brownpruitt.com
Kyle Voss, Texas Bar No. 24093310
e-service: kvoss@brownpruitt.com

**BROWN PRUITT WAMBSGANSS DEAN**
**FORMAN & MOORE, P.C.**
201 Main Street, Ste. 700
Fort Worth, Texas 76102
Telephone: (817) 338-4888
Facsimile: (817) 338-0700

**– AND –**

Charles W. "Chad" Fillmore, SBN 00785861
e-service: chad@fillmorefirm.com

**THE FILLMORE LAW FIRM, L.L.P.**
201 Main Street, Ste. 700
Fort Worth, Texas 76102
Telephone: (817) 332-2351
Facsimile: (817) 870-1859

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on all other counsel of record in this cause via the court's CM/ECF filing System on this the 13th day of November, 2023.

*/s/ Kyle Voss*
Christopher J. Pruitt/Kyle Voss

24